INZER, Justice:
This is an appeal by Columbia Gulf Transmission Company from a decree of the Chancery Court of the First Judicial District of Hinds County, wherein that court affirmed an order of appellee, State Tax Commission, assessing appellant with additional income tax for the years 1960, 1961 and 1962.
Appellant, hereinafter referred to as Columbia, is a Delaware corporation, with its general offices in Houston, Texas. It is engaged in the business of owning and operating an interstate pipeline for the transmission of natural gas from the southern region of Louisiana to a point near the Kentucky-West Virginia state line. Its main transmission pipeline is about 8S0 miles in length, with approximately 213 miles within the state of Mississippi. It consists of two 30-inch lines through which it transports about 1,000,000,000 feet of gas per day. The only business in which Columbia is engaged is the business of transportation of gas. Three of its eleven booster stations are located within Mississippi, and it has no delivery points within the state. The business is operated from its headquarters in Houston, Texas, where it owns its office building. No part of its pipeline is located within the state of Texas.
Columbia filed Mississippi corporation income tax returns for the years 1960, 1961 and 1962, in the time required by law. In April 1964 the State Tax Commission made certain adjustments in these returns which resulted in deficiency assessments for each of these years. Columbia protested these assessments, and on October 14, 1964: the State Tax Commission entered an order affirming the assessments. Thereupon Columbia filed in the chancery court a petition under the authority of Mississippi Code Annotated section 9220-30 (Supp. 1964), seeking an order abating and setting aside the assessments.
In its petition Columbia alleged that it had filed its returns, and in so doing had apportioned its total income not only in accordance with the formula prescribed by the Mississippi State Tax Commission, but *892 also in accordance with the settled and established interpretation of the formula by the Commission. It alleged that the Commission, acting through its auditor, had made certain adjustments to the return by increasing the property and payroll taxes in the apportionment formula, and increased the apportionment ratio for each of the years. It charged also that the State Tax Commission had increased the property factor by excluding certain items, although all the property so omitted was directly connected with the operation of its pipeline. Further, it charged that the Commission had wrongfully excluded Columbia’s total operational labor and its administrative and general salary expenses, in spite of the fact that its sole function was the operation of an interstate gas pipeline and all of such labor and costs were directly incurred in such business. It was charged that the exclusion of the property and labor expense items from the three-factor formula of apportionment was illegal, void and in contradiction of the commerce clause of the United States Constitution, the due process and equal protection clauses of the fourteenth amendment to the Constitution, and also sections 14 and 112 of the Mississippi Constitution. By amendment Columbia alleged also that Mississippi Code Annotated section 9220-12 (Supp.1964) is void and unconstitutional, in that it violates the separation of powers provision of both the constitution of Mississippi and the Constitution of the United States, by attempting to delegate a purely legislative function to an administrative agency.
The State Tax Commission answered and denied that the adjustments it had made were illegal or without basis, or that its action was in any way in violation of the Constitution of the United States or the constitution of Mississippi. It also denied that Mississippi Code Annotated section 9220-12 (Supp.1964) is void or unconstitutional, or that it violates the separation of powers clause of either the federal constitution or the constitution of Mississippi. The respondents made their answer a cross-bill, and prayed for a judgment against Columbia for the taxes found due by the Commission for each of the three years.
The chancellor resolved the issues in favor of the Commission, and held that the order of the State Tax Commission requiring the payment of additional tax was correct and a fair interpretation of the formula in question. He held further that there was no unconstitutional delegation of legislative powers to the Commission. A judgment was entered granting the relief prayed for in the cross-bill, and a money judgment was awarded against Columbia and its sureties in the amount of $25,822.33. From this judgment this appeal is made.
Appellant urges that the trial court was in error in affirming the interpretation placed upon Article 247 of Regulation No. 12 of the State Tax Commission, and in holding that section 9220-12 was not an unconstitutional delegation of power by the Legislature to an administrative agency. Appellant urges also that the application of the formula and regulation by the Commission is in violation of the due process clauses of the Constitution of the United States and the constitution of the State of Mississippi.
The income tax returns as filed by Columbia included in the denominator of labor and property the salaries paid and the property used for administrative functions. The Commission determined that this was not in conformity with Article 247 of Regulation No. 12, in that under this regulation labor paid for administrative functions and property used for administrative functions were excluded. On the other hand, Columbia contends that since its only business is the transportation of gas, all of its administrative functions are directly connected with its business, and a proper construction of the regulation allows the inclusion of its administrative la *893 bor and its general plant in the apportionment formula.
In order to understand this controversy and to determine the question involved, it is necessary to viev the Income Tax Act as an entirety. The act is reflected by Mississippi Code Annotated sections 9220-03 to 9220-41 (Supp.1964). Section 9220-OS imposes an income tax on persons and corporations, and fixes the rate of such taxes. Section 9220-04 provides that the tax imposed shall be a debt of the taxpayer to the state. Section 9220-05 provides the basis for determination of the gain or loss. Section 9220-06 requires that a taxpayer furnish an inventory when, in the opinion of the Commission, the use of an inventory is necessary in order to clearly determine the income of any taxpayer. Section 9220-07 defines the method of determining net income. Section 9220-08 defines the method of determining gross income. Section 9220-09 sets out deductions allowable. Section 9220-10 sets out items which are not deductible. Section 9220-11 lists the exemptions allowed. Section 9220-12(1) sets out in detail the items of gross income of foreign corporations which shall be treated as income from sources within the state. This section then provides for the determination of the portion of taxable income attributable to sources within the state where the taxpayer has a unitary operation such as Columbia. It provides as follows:
Miss.Code Ann. § 9220-12(1) (c) (Supp. 1964)
In the case of gross income derived from sources partly within and partly without the state, the net income may first be computed by deducting the expenses, losses, or other deductions apportioned or allocated thereto, and a ratable part of any expenses, losses, or other deductions which cannot definitely be allocated to some item or class or gross income; and the portion of such taxable income attributable to sources within the state may be determined by processes or formulas of general apportionment, prescribed by the commissioner, with the approval of the governor.
Miss.Code Ann. § 9220-12(2) (Supp. 1964)
Gains, profits, and income from transportation or other services rendered partly within and partly without the state, or from the sale of personal property produced by the taxpayer within and sold without or produced by the taxpayer without and sold within the state, shall be treated as derived partly from sources within and partly from sources without the state, and such gains, profits, and the income shall be determined under such processes or formulas of general apportionment as are prescribed by the commissioner, with the approval of the governor.
Section 9220-30 authorizes a taxpayer to apply to the Commissioner for a revision of the tax assessed against him at any time within three years. Section 9220-31 authorizes an appeal by the taxpayer to the State Tax Commission from any decision of the Commissioner. It also authorizes the taxpayer to file a petition in the Chancery Court of Hinds County when he is aggrieved by the findings of the Tax Commission. The chancery court is given jurisdiction to hear and determine the issues joined as in other cases. Either party to this proceeding is given the right to appeal to this Court.
Pursuant to the authority granted the Commissioner, and with the removal of the Governor, the Commissioner adopted Article 247 of Regulation No. 12, which is involved in this case. The pertinent portion of the regulation is as follows:
PIPE LINES (other than carriers)— Pipe line companies which move or transport their own minerals and mineral products to points of delivery shall apportion a part of their unitary net income to this State by the use of a ratio which shall be the arithmetical *894 average of the following three ratios: (1) Pipe line property owned or used in Mississippi to total pipe line property. (2) Mississippi operating labor to total operating labor (3) Deliveries in Mississippi to total deliveries.
Property — The first factor of the formula includes land, buildings, machinery, equipment, and other tangible personal property actually used, whether owned or rented, in connection with the transportation of minerals and mineral products. Property employed in administrative functions, buying, selling, research or any other functions not directly connected with the transportation of gas shall be excluded, it being intended to include in this factor only pipe line property, its appurtenances, and property and equipment directly connected with the operation and maintenance thereof. Construction in progress may not be included. Appreciation must be eliminated from book values for purposes of apportionment. The value at which property owned should be included in the factor is the cost, less depreciation sustained, averaged as of. the beginning and end of the taxable period. In the case of rented property, the value to be employed shall be eight (8) times the annual rental. Assets which produce non-apportionable or non-taxable income should not be included. Inventories, cash on hand or in banks, stocks, notes, bonds, accounts receivable, notes receivable, privileges, franchises and good will are specifically excluded.
Labor — The Labor factor includes wages or other compensation paid or incurred for direct and indirect operating labor in connection with the transportation of minerals and mineral products. Wages or other compensation paid in connection with administrative functions, buying, selling, research or any other functions not directly connected with said transportation shall be excluded, it being intended to include in this factor only labor performed in the operation and maintenance of the pipe line, its appurtenances, and other property and equipment directly connected therewith. Labor on construction in progress may not be included.
DELIVERIES — This ratio shall be determined by dividing revenue derived from deliveries in Mississippi by revenue derived from total deliveries.
Columbia urges that a proper construction of the labor factor includes direct and indirect operating labor in connection with the transportation of minerals and mineral products, and excludes wages or other compensation paid in connection with administrative functions not directly connected with their transportation. It urges that this construction is supported by English grammar textbooks, and in support of this argument it cites authority and diagrams the sentence, attempting to demonstrate that its construction is correct. It also urges that a proper judicial construction demands the same conclusion. On the other hand, the Commission urges that the regulation is perfectly clear and there is no need for a construction, but that if a rule of construction is applicable, the only one which applies is the doctrine of “last antecedent.”
In our opinion, the regulation is clear, and there is no need to invoke any rule of construction. It is obvious to us that the regulation intends to, and does exclude wages or other compensation paid in connection with the administrative functions. It excludes wages for compensation paid in connection with buying, selling and research. It also excludes wages or compensation paid in connection with any other (than those enumerated) functions not directly connected with the transportation.
It is Columbia’s contention that the activities of its president, vice president, treasurer and other administrative officials are devoted solely to the operation of its pipeline, and that these activi *895 ties are necessary for its operation and its ability to earn money in Mississippi. Therefore it is only fair that this expense be included in the labor denominated. We do not find any merit in this contention, for the reason it does not allocate any part of the earnings of these officials to Mississippi as compensation for work performed in Mississippi.
We are also of the opinion that the paragraph dealing with the property factor is clear, and by its terms excludes property employed in administrative functions. We are of the opinion that the chancellor was correct in finding that the Commission had properly construed the regulation.
The important question involved in this appeal is whether Mississippi Code Annotated section 9220-12(2) (Supp.1964) is an unconstitutional delegation of authority to an administrative agency. When the Income Tax Act is viewed as a whole, it is apparent that the Legislature levied the tax, fixed the rate, and provided in detail the items of gross income which shall be treated as sources of income within the state. The Legislature delegated to the Tax Commissioner, with the approval of the Governor, the duty of determining the portion of taxable income of a given person or corporation which should be allocated to sources within the state. In our opinion this is a delegation of fact-finding duty. Standards are provided to guide the agency in determining the amount of income which was earned in Mississippi. The Legislature imposed upon its administrative agency the duty of evaluating a corporation’s Mississippi-earned income, as distinguished from its income from sources without the state. The act further provides that the formula adopted be one of “general apportionment,” which is a requirement that all taxpayers of a given class be treated in the same manner.
In one of the landmark cases involving this question, the Supreme Court of the United States said in Field v. Clark, 143 U.S. 649, 694, 12 S.Ct. 495, 505, 36 L. Ed. 294, 310 (1892), that:
The legislature cannot delegate its power to make a law, but it can make a law to delegate a power to determine some fact or state of things upon which the law makes, or intends to make, its own action depend. To deny this would be to stop the wheels of government. There are many things upon which wise and useful legislation must depend which cannot be known to the law-making power, and must therefore be a subject of inquiry and determination outside of the halls of legislation.
This rule was quoted and approved by this Court in New Orleans, M. & C. R. R. v. State, 110 Miss. 290, 70 So. 355 (1915), wherein this Court upheld a statute delegating the authority to the Railroad Commission to classify railroads according to gross income for the purpose of fixing a privilege tax. Since that time the foregoing statement has been approved and adopted by other cases decided by this Court.
Columbia does not question the right or power of the Legislature to levy the income taxes involved. The Legislature had the right to delegate to the Commission power to adopt a suitable method of determining which or what part of a taxpayer’s total income was attributable to sources within the state. The Legislature provided the standard that the Commissioner was to follow in evaluating the taxpayer’s earned income in Mississippi, as distinguished from its earned income from sources without the state. The statute also requires that all taxpayers of a given class be treated in the same manner. Having provided the standard, the Legislature could leave to the Commissioner the duty to determine what part of the taxpayer’s income was attributable to its business within this state. All courts seem to recognize that due to present-day complex business activities, no method or formula can exactly determine the amount of income attributable to any *896 geographical area. The Legislature wisely-left to its administrative agency the duty of providing means and methods of fairly determining this factor. The Legislature itself could not prescribe the exact alternative formula for the many types of business organizations which now do business both within and without the state. The regulation here in question provides different formulas for several types of business, and in the future it may be necessary to provide other and different formulas for new and different types of organizations that do business within the state.
We are of the opinion that the chancellor was not in error when he determined that there was no unconstitutional delegation of legislative power to the Commissioner. We have carefully considered the many authorities cited and relied upon by appellant, but the facts in this case distinguish it from those cases cited.
It is generally recognized by those who have made exhaustive studies of the problem of equitable taxation of taxpayers doing business in several states that adherence to a prescribed statutory formula could produce inequitable results or unfairly determine the net income attributable within a state. As a result, several states have now vested wide discretion in their administrative agencies to provide or change formulas to fairly determine such income.
Columbia finally urges that the regulation and apportionment formulas are unconstitutional under the commerce clause and the due process clause of the Constitution of the United States. It contends that the formula is arbitrary and unreasonable in that it allocates an unfair and excessive portion of Columbia’s net income to Mississippi, and that as applied by the Commission it is a burden upon interstate commerce. The formula as applied allocates approximately one-eighth of Columbia’s net income as income earned in Mississippi. Approximately one-fourth of its physical pipeline operation is in this state. One formula sometimes used in determining what part of total net income is to be allocated is based on the number of miles of pipeline located within a state over the total pipeline mileage. Application of this formula would justify an allocation of one-fourth of the net income in this state. Furthermore, the evidence in this record does not justify a finding that the formula is unfair or that it allocates an excessive part of the income of Columbia to this state. The formula as applied and interpreted by the Commission allocates only about one per cent more of the total income of Columbia to Mississippi than Columbia contends should be allocated. There is no proof to show how much of Columbia’s total net income was allocated to other states within which it operates. We held in Reliance Manufacturing Company v. Barr, 245 Miss. 86, 146 So.2d 569 (1962), that the burden of proof is upon one who attacks a tax formula to show that it taxes extraterritorial values, and cited numerous cases in support of the rule. It is likewise the rule that the burden of proof is upon the taxpayer to show that a formula and its application is unfair, and that an excessive portion of its net income is thereby allocated to a given state.
We have considered carefully the petition, exhibits, evidence, and the law and regulations under which these assessments were made, and it is our opinion that it is neither unreasonable nor arbitrary, and that the tax is not a burden on interstate commerce.
It follows that the chancellor was correct in affirming the order of the State Tax Commission, and this case is affirmed.
Affirmed.
GILLESPIE, P. J., and JONES, BRADY and ROBERTSON, JJ., concur.