546 So.2d 690 (1989)
STATE of Mississippi
v.
Billie J. BURNHAM, a/k/a Billie Jack Burnham, a/k/a Bill Burnham.
No. 59481.
Supreme Court of Mississippi.
June 21, 1989.
Mike Moore, Atty. Gen. by Jack B. Lacy, Jr., Sp. Asst. Atty. Gen., Jackson, for appellant.
Lemuel G. Adams, III, Brandon, David B. Grishman, Watkins, Ludlam & Stennis, Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and ROBERTSON and SULLIVAN, JJ.
ROBERTSON, Justice, for the Court:

I.
The State through its legislature has enacted that any person who wilfully attempts "to evade or defeat any tax imposed by the State Tax Commission" shall be guilty of a felony, and the question is whether the statute may be enforced against today's taxpayer appellant notwithstanding that the Commission lacks authority to impose any taxes. The case turns on whether the act fairly told taxpayer what conduct would render him amenable to prosecution. Although as with any tax *691 scheme modest intricacy is attendant, we find the notice sufficient unto the day.

II.
Billie J. Burnham, a plumbing and electrical contractor in Rankin County, may or may not have willfully evaded the payment of retail sales tax, six percent of sales, to the state. Believing that he did, the District Attorney sought an indictment, with eighteen repetitious counts[1] (one for each month). The indictments cover consecutively the months between July, 1986 and January, 1988.
On July 14, 1988, taxpayer Burnham moved to dismiss the indictments, arguing they fail to charge him with a criminal offense. Upon hearing, the Circuit Court granted the motion, ruling that (1) the indictments charge no crime under Miss. Code Ann. § 27-3-79(2) and (2) that Burnham can be convicted under no other statute for failing to pay sales taxes. The State here appeals that ruling.

III.
The Legislature has the power to enact a sales tax. No one here disputes that it has so enacted. Miss. Code Ann. § 27-65-23 (1972) provides that "upon every person engaging or continuing in any of the following businesses or activities there is hereby levied, assessed and shall be collected a tax equal to six percent (6%)." Those engaged in retail sales collect the tax, hold it in trust for the state, and report and remit to the Commission, which is charged ultimately with administration of the Sales Tax laws.
The statute, under which taxpayer Burnham has been indicted, charges in pertinent part that
... any person who, after July 1, 1986, wilfully attempts in any manner to evade or defeat any tax imposed by the State Tax Commission ... in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than One Hundred Thousand Dollars ($100,000.00) and, in the case of a corporation, not more than Five Hundred Thousand Dollars ($500,000.00) or imprisoned not more than five (5) years, or both.
Miss. Code Ann. § 27-3-79(2) (Supp. 1987) The crucial part of the statute is that which declares unlawful wilful attempts "to evade or defeat any tax imposed by the State Tax Commission." [Emphasis added] The Circuit Court held the statute unenforceable against Burnham because the State Tax Commission has no power to impose or levy a tax, and "imposed" does not mean the same thing as "collect". The statute charges no crime, or so we are told.
Of course the State Tax Commission[2] has no authority to impose any tax. Constitutionally, imposition may be of legislative origin only. See Miss. Const. Art. 4, § 33 (1890); Columbia Gulf Transmission Company v. Barr, 194 So.2d 890, 895 *692 (Miss. 1967); Board of Supervisors of Attala County v. Illinois Central Railroad Co., 186 Miss. 294, 305, 190 So. 241, 243 (1939).
We are reminded that statutes imposing criminal penalties must be construed strictly in favor of the accused, a proposition which may not be doubted, e.g., State v. Martin, 495 So.2d 501, 502 (Miss. 1986); McLamb v. State, 456 So.2d 743, 745 (Miss. 1984); Schloder v. State, 310 So.2d 721, 723 (Miss. 1975), but does not carry us far. "The canon in favor of strict construction is not an inexorable command to override common sense and evident statutory purpose." United States v. Brown, 333 U.S. 18, 25, 68 S.Ct. 376, 380, 92 L.Ed. 442, 448 (1948). Not every infelicity in legislative expression exonerates the accused, cf. Henderson v. State, 445 So.2d 1364, 1366-68 (Miss. 1984); and Columbia Gulf Transmission Company v. Barr, 194 So.2d 890, 894 (Miss. 1967), only those which so infect the statute that it fails reasonably to inform what conduct will render him amenable to prosecution. ABC Interstate Theaters, Inc. v. State, 325 So.2d 123, 125-26 (Miss. 1976). See Mississippi Cottonseed Products Co. v. Stone, 184 Miss. 409, 421, 184 So. 428, 431 (1938) (authorizing enforcement of tax statute "even to the extent of correcting errors in the language used"); see also Aikerson v. State, 274 So.2d 124, 127-28 (Miss. 1973); Martin v. State, 190 Miss. 32, 40-41, 199 So. 98, 101 (1940); Gandy v. Public Service Corporation of Mississippi, 163 Miss. 187, 197, 140 So. 687, 689 (1932); Roseberry v. Norsworthy, 135 Miss. 845, 858-59, 100 So. 514, 516-17 (1924). We ask only whether a person of ordinary intelligence would by reading the statute receive fair notice of that which is required or forbidden. Roberson v. State, 501 So.2d 398, 400 (Miss. 1987); Cassibry v. State, 404 So.2d 1360, 1368 (Miss. 1981).
It is true that impose[3] does not mean collect, but that is not the point.
Strict construction means reasonable construction, State v. Martin, 495 So.2d 501, 502 (Miss. 1986), nor does it "require magnified emphasis upon a single ambiguous *693 word." United States v. Brown, 333 U.S. at 25-26, 68 S.Ct. at 380, 92 L.Ed.at 448. A step back from this one tree and a forest is easily discerned. Conceding that the State Tax Commission has no authority to impose any tax, we do not see how any reasonable person could read Section 27-3-79(2) in conjunction with the sales tax statutes and those creating and empowering the Commission (and, as well, the general title in our Code regarding taxation[4]) and not know that post-July 1, 1986, wilful attempts to evade collection and payment of the required sales taxes was unlawful and rendered him amenable to prosecution therefor.
The judgment of the Circuit Court is reversed. The case is remanded to the Circuit Court with instructions that the indictment be reinstated and that such further proceedings as may be appropriate be had as though Burnham's motion to quash the indictment had been denied.
REVERSED AND REMANDED
ROY NOBLE LEE, C.J., HAWKINS, P.J., and SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.
DAN M. LEE, P.J., dissents without written opinion.
PRATHER, J., not participating.
NOTES
[1] A sample indictment reads as follows:

BILLIE J. BURNHAM A/K/A BILLE JACK BURNHAM, BILL BURNHAM, (hereinafter defendant), late of the county aforesaid, on or about August 20, 1986, in the county and state aforesaid and within the jurisdiction of this Court, while engaged in the retail business of plumbing and electrical contractor during the month of July, 1986, did wilfully, unlawfully, and (sic) feloniously attempt to evade and defeat a tax lawfully imposed by the State of Mississippi, to-wit: Retail Sales Tax, in that he did, then and there, wilfully, unlawfully and feloniously use and fail to pay the sum of Five Thousand Three Hundred Fifty Dollars and ninety cents ($5,350.90), which sum, of lawful United States money, of the stated value, was sales tax revenue for the month of July, 1986, of the property of the Mississippi State Tax Commission and the State of Mississippi, which sum aforesaid was required to be remitted to the Mississippi State Tax Commission by the defendant, as trustee of the State of Mississippi as required by law, in violation of Mississippi Code Annotated, section 27-3-79(2) (Supp. 1987), against the peace and dignity of the State of Mississippi.
[2] The State Tax Commission has been created by Miss. Code Ann. § 27-3-1 (1972). The Commission has three members, each of whom "shall perform all other duties which are now or may hereafter be imposed upon them by law." Codes, 1942, § 9197; Laws 1932, ch. 119; 1938 ch. 150. One of the associate commissioners is designated the excise commissioner, and "shall, when necessary, direct and supervise the preparation of any record to be filed in any court of the state. The excise commissioner shall give personal attention to all appeals from decisions of the state tax commission to the courts, and cooperate with the attorney-general and district attorneys to the end that the interests of the state shall be presented fairly and properly to the courts, without undue delay." Miss. Code Ann. § 27-3-7 (1972).

The Commission is also given the power to direct prosecutions to enforce the laws relating to punishment for failure to comply with the tax laws. Miss. Code Ann. § 27-3-33 (1972) reads:
(1) The state tax commission shall have the power, authority and duty to direct that proceedings, actions and prosecutions be instituted to enforce the laws relating to the penalties, liabilities, and punishment of all persons, officers or agents or corporations, or others required by law to make returns of taxable property, for failure or neglect to comply with such provisions of the tax law; and to cause complaints to be made against assessors, boards of supervisors, and other officers, whose duties concern assessments, in any court of competent jurisdiction for their removal for official misconduct or neglect of such duty, as provided by law in such cases.
(2) The state tax commission shall have power, authority and duty to proceed by suit in the chancery court of the residence of the taxpayer or, in the case of a nonresident, in the chancery court of the first judicial district of Hinds County, against all persons, corporations, companies and associations of persons for all past due and unpaid taxes, together with any penalties, damages and interest due thereon, of any kind whatever, either of the state or any county, municipality, drainage, levee, or other taxing district, or any subdivision thereof, and for all past due obligations and indebtedness of any character due and owing to them or any of them; ...
(3) All suits by the state tax commission under the provisions of this section, or under the provisions of Section 27-3-37 or Section 27-3-39, shall be in its own name for the use of the state, county, municipality, levee board or other taxing district interested; and it shall not be liable for costs, and may appeal without bond. Such suits may be tried at the return term and shall take precedence over other suits.
[3] A waltz through the dictionaries, for the word "impose":

(1) Black's Law Dictionary, 5th ed. 1979: "To levy or exact as by authority; to lay as a burden, tax, duty or charge.
(2) Oxford English Dictionary, 1978: "1, c) to place in command or office; to appoint or set up authoritatively; 4) to lay on, as something to be borne, endured, or submitted to; to inflict (something) on or upon; to levy or enforce authoritatively or arbitrarily; 4, c) to put or levy (a tax, price, etc.) on or upon (goods, etc.); d) to put or subject (a person, etc.) to a penalty, observance, etc.; 7) to put a tax, to levy an import".
A rare form of impose is described as "the imposition or laying on of a charge, duty, or task.
(3) Webster's Third New International Dictionary, 1976:
"3 a) to cause to be burdened, 3 b) (1) to make, frame, or apply (as a charge, tax, obligation, rule, penalty) as compulsory, obligatory or enforceable."
(4) The American Heritage Dictionary, 1976:
"1) To establish or apply as compulsory; to levy
5) To pass off (something) on others"
(5) Webster's New Dictionary of Synonyms:
"dictate, prescribe, ordain, decree, order, enjoin, command, charge, exact, demand, require, constrain, oblige, compel"
(6) Wordperfect Computer Thesaurus:
"Dictate, enjoin, force upon, inflict, assess, charge, enact, exact, levy, inconvenience, intrude"
[4] See, for example, Chapter 11, Amusement Tax, § 27-11-5 which reads: "Except as otherwise provided in subsection (2) of this section, and in Section 27-11-43, there is imposed, levied and assessed, to be collected and paid as hereinafter provided ..." Section 27-9-5, Estate Tax, reads: "A tax equal to the sum of the following percentages of the value of the net estate is hereby imposed upon the transfer of the net estate ...". The income and withholding tax provides "There is hereby assessed and levied, to be collected and paid as hereinafter provided ...". Section 27-7-5. Section 27-13-5, Tax on domestic corporations, provides "There is hereby imposed, levied and assessed upon ...". Last, the privilege tax statute, Section 27-15-5, provides "all privilege taxes levied and imposed by this chapter shall be paid in addition ..." In sum, consistency is not the hallmark, yet meaning is reasonably clear.