## MATTIE MIKE DEE *v.* THE STATE.

68  601
81  398

1. CRIMINAL LAW.  *Indictment.  Statutory offense.  Description.*
   Where the words of a statute creating an offense are descriptive of it, an indictment under the statute should follow the language and expressly charge the described offense on the defendant or it will be defective.

2. SAME.  *Practicing medicine without license.  · Laws 1882, p. 33.  Indictment.*
   The act of 1882 forbids any one without license to practice medicine, and declares that "practice medicine" shall mean to prescribe for the use of any person any drug, medicine or other agency *for the cure or palliation of any disease of mind or body, or for the cure or relief of wound, injury or deformity,* for compensation.  An indictment alleging that the defendant did "wilfully and unlawfully for gain, practice and prescribe various medicines, . . . . and did dose, administer and apply said medicines to the good people of Tunica county, without having any license so to do, . . . . contrary to the statute," etc., charges no offense and will be quashed.

3. SAME.  *Requisites of indictment.  Act of 1882.*
   An indictment under this statute should charge that the defendant did practice medicine by doing what the act says it shall consist in, following the statute as far as applicable so as to bring the charge clearly within it.

FROM the circuit court of Tunica county.

HON. R. W. WILLIAMSON, Judge.

The act of February 28, 1882, prohibits the practice of medicine without a license.  Section 20 provides that the words "practice medicine," in the statute, "shall mean to suggest, recommend, prescribe or direct for the use of any person any drug, medicine, appliance or other agency, whether material or not material, for the cure, relief or palliation of any ailment or disease of the mind or body, or for the cure or relief of any wound, fracture or other bodily injury, or any deformity," for compensation.

The indictment avers that the defendant, "then and there being an ignorant and imprudent woman, and wilfully and unlawfully pretending to the people of Tunica county that she was skilled and learned in the art or science of medicine, did wilfully and unlawfully, for gain, practice and prescribe various medicines and herbs, and did then and there dose, administer and apply said various

medicines to the good people of Tunica county, without having any license and authority so to do," contrary to the form of the statute in such cases made and provided, etc.

A motion to quash the indictment was overruled. Defendant was tried and convicted, and after motion for new trial overruled, she prosecuted this appeal.

*Lowe & Cochran,* for appellant.

The statute provides in unmistakable language what the indictment must contain in a case like this. The indictment here is fatally defective and should have been quashed. It should have been drawn so as to notify the defendant that she was to be tried for prescribing medicine for a certain *person or persons.* Under it as drawn, the defendant could be tried for prescribing for any person in the county.

Again, it is fatally defective because it does not allege that the defendant prescribed for the *cure, relief or palliation of any ailment or disease of any person.*

The offense as defined in the statute must be alleged and proved. *Sullivan* v. *State,* 67 Miss. 349 ; 28 Ib. 100 ; 54 Ib. 490 ; 49 Ib. 354; 22 Am. Dec. 267 ; 27 Ib. 197 ; 69 Ib. 166, 321 ; 88 Ib. 654 ; 94 Ib. 251, 258.

*T. M. Miller,* attorney-general, for the state.

1. It was not necessary to name in the indictment the person or persons upon whom the defendant practiced. It is a crime to practice on any one without license. *Lea* v. *State,* 64 Miss. 201 ; Wharton's Crim. L. § 2445.

2. The indictment charges that the defendant did practice medicine. The statute gives a precise and definite meaning to the word practice, which, in itself, fully indicates the charge.

CAMPBELL, C. J., delivered the opinion of the court.

The indictment is insufficient, because it does not aver that the defendant committed the offense created and particularly defined by § 20 of "An act to regulate the practice of medicine in the state of Mississippi," approved February 28, 1882, Acts 33. The act does not stop with prohibiting unlicensed persons to " practice

medicine," but declares what these words mean as used in the act. The rule established by authority is that " Where the words of the statute are descriptive of the offense, the indictment should follow the language, and expressly charge the described offense on the defendant, or it will be defective."

Tested by this rule, this indictment is defective. It does not charge that the defendant suggested, recommended, prescribed or directed for the use of any person, any drug, medicine, appliance or other agency, for the cure, relief or palliation of any ailment or disease of mind or body, or for the cure or relief of any bodily injury or deformity. It does aver that the defendant " did practice and prescribe various medicines," and " did dose, administer and apply said various medicines to the good people of Tunica county," but what this was for, and whether it was for the cure, relief or palliation of any ailment or disease of mind or body, or for any bodily injury or deformity, is not averred. For all that appears by the indictment, the practice, prescription, dosing, administering, and applications by this person to the good people of Tunica county, in mass, as charged, may have been for some other purpose than for the relief of ailment or disease, or bodily injury or deformity. It is highly probable that there were in the county people sick in mind and body, and some who had suffered bodily injury or had deformity, and it may be—indeed, it is very likely—that the defendant administered and applied doses and medicines to some of these, who, not being whole, needed a physician, but the indictment does not aver this to be the case, and we are not permitted to draw on probabilities to supply the lack of averment by the indictment.

If permitted to indulge in surmises suggested by this record, and make them the basis of decision, it would be concluded that there were in Tunica county persons afflicted by serious ailment of the mind to render it possible for the defendant to practise medicine and violate the statute ; but the indictment may be unjust to the defendant, and the surmises suggested by it and by the verdict of guilty may be unfounded in fact, and we are not authorized to bring them to the aid of the indictment, which is required by law

to be sufficient on its face, and cannot be supplemented by assumption.

According to the indictment, the defendant dosed, administered and applied various medicines to the good people of Tunica county, not to any person or to divers persons of the county, but to the people of Tunica county. How this was done, what was the method of doing it, extraordinary as it must have been, and what it was done for, does not appear. Surely the whole people were not diseased in mind or body or suffering from wounds, fractures, or other bodily injuries or deformities; and as the defendant is charged with having dosed, administered and applied various medicines to the good people of the county, it must be held, in the absence of averment on the subject, that the dosing, administering, and applying of various medicines to the good people by the defendant was for some other purpose than the relief or palliation of mental or bodily ailment. What it could have been, we will not conjecture, for that is inadmissible. We know that "medicine" is something used for the cure of disease; and that the defendant dosed the people with medicine is suggestive of ailment or disease, and that it was for the cure, relief, or palliation of disease that she did it; but here we are met by the incredible supposition of the good people of Tunica county being in a condition to take doses of medicine or suffer its administration or application in some form, and are forced to the conclusion that the various "medicines and herbs" were administered to the people for some purpose other than disease or hurt or deformity, and that it was not within the statute.

An indictment under this statute should charge that the defendant did practice medicine by doing what the statute says it shall consist in, following the statute as far as applicable, so as to bring the charge clearly within it.

*Reversed, indictment quashed, and defendant to appear and answer any new indictment which may be filed.*