## JAMES STARK *v.* STATE OF MISSISSIPPI.

1. CRIMINAL LAW. *Exposure of person. Code* 1892, § 1218.

> An indictment, under code 1892, § 1218, making it a misdemeanor to willfully and lewdly expose the person, or the private parts thereof, in any public place, etc., is fatally defective if it fail to charge that the exposure was lewdly made.

2. SAME. *Instruction.*

> An instruction in such a case directing the jury to convict defendant if they believe he did a specified act in a public place is erroneous if it omit the idea that to constitute the crime the act must have been done unlawfully, willfully and lewdly.

3. SAME. *Punishment.*

> The statute prescribes the punishment for its violation, and a greater punishment cannot be imposed.

FROM the circuit court of Winston county.

HON. GUION Q. HALL, Judge.

Stark, appellant, was convicted of having indecently exposed the private parts of his person in a public place—a singing school—and was sentenced to thirty days' imprisonment. He appealed to the supreme court.

*Daniel & Brantley,* for appellant.

The intent that actuated the defendant in doing the act complained of is the gist of the offense. The exposure must have been "willfully and lewdly done." Code, 1892, § 1218. In this instruction the words "willfully and lewdly" modify only the word "exposed." The word "urinated" is not modified by the two words "willfully and lewdly;" the instruction thereby telling the jury that, if the defendant merely urinated in a public place or in the presence of two or more persons, then he is guilty as charged, thus eliminating the idea of will-

fulness and lewdness which must accompany the act under the statute to constitute the offense.

An act of exposure to be brought within the purview of this statute must have a tendency to excite lascivious desires or tend to scandalize. There is nothing in the whole body of the evidence in this case to give the act complained of that character.

*William Williams*, assistant attorney-general, for appellee.

The judgment must be within the limit fixed by law, but this court has power to correct the judgment.

Considered as a whole, the instructions given in this case correctly announce the law. *Skates* v. *State*, 64 Miss., 644. Upon the facts the verdict was manifestly right.

CALHOON, J., delivered the opinion of the court.

The indictment was drawn under code, § 1218, against the exposure of the person in a public place, etc. The statute requires the exhibition to be "willfully and lewdly" made. The indictment charges that it was "unlawfully and willfully" made, omitting the word "lewdly." If this may be left out, so may the word "willfully," by the same process of reasoning, leaving the whole charge to depend on the word "unlawfully." We hold, therefore, that the indictment is void on its face. The statute does not use the word "unlawfully." The pleader very properly did, but he failed to use a word essential to the description of the offense, so as to support the pleader's conclusion that the act was unlawful. *Cook* v. *State*, 72 Miss., 517 (17 South., 228); *Dee* v. *Same*, 68 Miss., 601 (9 South., 356); *Lewis* v. *Same*, 49 Miss., 354; *Harrington* v. *Same*, 54 Miss., 490; *Roberts* v. *Same*, 55 Miss., 421; and the other cases cited in Brame & A. Dig., p. 305, secs. 93–99, and those in George's Dig., p. 814, secs. 305–312. The exposure may be willful, because sometimes inescapably necessary, and yet not at all lewd; and this is of the very essence of the offense,

and therefore must be charged.    *Hodnett* v. *State*, 66 Miss., 27 (5 South., 518).    For the same, and even stronger, reason, we think there was error in granting the only instruction asked for by the state.    This charge tells the jury that, if satisfied beyond a reasonable doubt, " that the defendant willfully and lewdly exposed " his person or did a specified act in a public place, etc., they should convict.    So, if he did the particular act, whether he did it unlawfully, willfully, or lewdly, or not, according to this charge, he was guilty.

Even if defendant had been properly indicted and convicted under proper instruction, the statute limits the judgment of imprisonment to twenty days, and the court was without power to sentence him for thirty days, as it did.

*Reversed and remanded.*