BRADY, Justice:
The appellant was indicted by the grand jury of George County, Mississippi, at the August 1965 Term of the Circuit Court and was tried and convicted during the November 1965 Term, of exposure of the person under the provisions of Mississippi Code Annotated section 2290 (1956) and was sentenced to twenty days in the county jail and fined $50. The jail sentence was suspended and from the conviction and judgment, this appeal is perfected.
The appellant, Laura B. Pendergrass, and her husband, Roy C. Pendergrass, are residents of East Moss Point, Mississippi. Roy C. Pendergrass owns a cer *127 tain tract of land on the north side of and adjoining Mississippi public road 307, locally known as the Three Notch Road. This tract is approximately 500 feet deep, measured from the road, and extends in an eastward direction approximately 1,076 feet in length and encompasses about 141/£ acres. The Salem Missionary Baptist Church occupies a tract of land on the opposite or south side of public road 307. A private path or road leads from public road 307 into the Pendergrass property a distance of approximately 400 yards.
The Pendergrass property is undeveloped and, except for a small clearing, is in its natural wooded state. The cleared area is not visible whatsoever from public road 307 or Salem Church. The private “two path” road off public road 307 is posted with “No Trespassing” signs. A short distance to the north traveling along the private road the road turns to the right or eastwardly. Shortly thereafter the road is crossed by a large barrier gate in the form of a counter-balanced 2" X 12" board painted white, approximately eighteen feet long, extending across the road. Clearly visible on the barrier in the center is a sign which says “Blow your horn to enter.” On each side thereof is a “Posted” sign as well as similar posted signs on the trees to which the gate barrier is attached. One end of the barrier is fastened to a tree with 24" hinges. The free end of the barrier is chained around a post.
After leaving the barrier the road proceeds 500 or 600 feet where a slight brush obstruction is present, and the road then turns northwardly again for an additional 50 to 60 feet and thence turns back west-war dly an additional 30 to 40 feet. At the end of the road is the cleared area where the alleged exposure of Mrs. Pen-dergrass took place. The complainant, Rev. Dennis McDonald, who was ordained a minister something less than a year ago, together with his two sons, Dennis McDonald, Jr. and David McDonald, aged six and four years, without invitation from. Roy C. Pendergrass, the owner, or his wife, the appellant, proceeded to go upon the property of the appellant and her husband with full knowledge of the posted signs thereon.
Rev. Dennis McDonald asserts that the events took place on August 15, 1965,. whereas the appellant, Laura B. Pender-grass, states that the events took place on August 22. The proof shows that the complainant had never before met. the appellant and he in fact did not know her or her husband. Rev. McDonald is-primarily a shipfitter at Ingall’s Ship Yards-but is also a part-time preacher of the Salem Missionary Baptist Church and is a resident of Stone County. Generally on Sundays Rev. McDonald visited with his parishioners. On this particular Sunday Rev. McDonald decided to visit persons-who were on Mr. Pendergrass’ property. His purpose was to invite them to come and bring their children to church.
Rev. McDonald testified that his oldest boy disengaged the chain which fastened' the barrier gate to the post; that he blew his horn as the instructions on the barrier required, but that “the horn’s not too loud, so the man could not have heard me.”' Though not receiving any answer, he proceeded on his own down the “two path”' road in his automobile.
The testimony concerning the alleged exposure of Mrs. Pendergrass in the presence of Rev. McDonald and his little boys-is in conflict. The appellant testified that when she first noticed Rev. McDonald’s car approaching she was seated in a lawn chair and immediately got up- and walked behind a truck. She further testified that when Rev. McDonald’s car arrived in the area she was completely clothed from her waist down and was-wearing a brassiere on top. She testified further that she proceeded to put on the remainder of her clothes, including her blouse, and she was in fact fully clothed when she met Rev. McDonald.
*128 On the other hand, Rev. McDonald testified that as he drove up the road the appellant and a man whom Rev. McDonald did not know were seated naked in the presence of Mr. Pendergrass, who was dressed. He further testified that the appellant arose and faced him and his two sons and then walked and put on her shorts. The record fails to disclose why Rev. McDonald did not immediately turn around and leave. Rev. McDonald did not leave, however, but testified that he spent somewhere between thirty-five and forty-five minutes on the Pendergrass property talking with the persons there while his children were playing with a little five or six year old boy, apparently a child of the Pendergrasses.
During this time, though at first glimpse Rev. McDonald was admittedly somewhat shocked, it was short-lived for he stated: “I went with the purity of mind and left with the purity of mind.” In answer to the direct question “Did these people or did this defendant in any way expose herself to you ?”, Rev. McDonald answered “No.”
The record shows that the appellant and her family were members of the American Sunbathing Association, a national nudist organization. The purposes and functions of this organization were objected to and were not admitted into evidence. The beliefs of the appellant as to the effects of sunbathing and fresh air on the body were brought out, but when objected to, such objection was sustained. The appellant, when asked whether or not she associated sunbathing with lewdness, stated emphatically “No, sir,” and she further testified that sunbathing is not associated with sexual impurity.
Roy C. Pendergrass testified in behalf •of the appellant that he believed sunlight and fresh air purify the body and are healthful, not only physically but mentally. He further testified that he was utilizing his own property in the same manner as he would utilize his home, and furthermore he considered sunbathing as practiced by the Sunbathing Association as perfectly decent and not lewd; that the practice of sunbathing does not tend to excite lustful desire. lie stated emphatically that he had no desire to shock or humiliate anyone, and the purpose of putting the barrier up across the road was to prevent anyone from coming in and being offended.
We are not concerned with the therapeutic or esthetic values, if any, of nudism or sunbathing. Only assignments of error are our concern. While numerous assignments of error are urged, the determination of this case requires the consideration of only one. The question for determination here is whether or not the appellant willfully and lewdly exposed her person in any public place or in any place where others were present in violation of Mississippi Code Annotated section 2290 (1956). Section 2290 provides as follows:
A person who wilfully and lewdly exposes his person, or private parts thereof, in any public place, or in any place where others are present, or procures another to so expose himself, is guilty of a misdemeanor, and, on conviction, shall be fined not exceeding fifty dollars, or be imprisoned not exceeding twenty days in the county jail, or both.
The indictment was drawn under Mississippi Code Annotated section 2290 (1956) and couched in language to establish the fact that the indecent exposure by appellant was committed on road 307 in front of the Salem Missionary Baptist Church and in the presence of Rev. Dennis McDonald, Dennis McDonald, Jr., and David McDonald. The proof which was objected to discloses that the exposure did not take place on road 307 in front of the Missionary Baptist Church but took place on the private ^property of Roy C. Pendergrass, which consists of approximately 14J4 acres of land located about one-fourth mile from road 307 and the Missionary Baptist Church, which place is not visible from *129 said road or church. The proof is wanting insofar as a public place is concerned. Furthermore, the proof wholly fails to show that this woman willfully and lewdly exposed herself to Rev. Dennis McDonald and his two minor children, Dennis McDonald, Jr., and David McDonald.
The indictment in the instant case named the persons alleged to be present but the proof shows the place to be a private place. There is no evidence that the defendant willfully and lewdly exposed herself at a place where the persons named in the indictment were present. On the contrary she testified that she concealed herself behind a truck when the car was approaching and had fully clothed herself before she met Rev. McDonald. The testimony shows that when the persons named in the indictment approached the place where the defendant was seated on private property she immediately began to clothe herself from their view. The proof shows that she did not willfully and lewdly expose herself to the persons named in the indictment, but endeavored not to so do. Willfulness and lewdness are essential elements of the misdemeanor charged in the indictment, and the proof in this case is insufficient to establish these essential elements but does establish the truth of the ancient latin proverb “De gustibus non disputandum." See Stark v. State, 81 Miss. 397, 33 So. 175 (1902).
Although the record does not so indicate, the appellant charges in her brief that a peremptory instruction was requested at the conclusion of the State’s evidence, and also upon the conclusion of the defendant’s evidence, both of which were overruled. The State does not deny these charges. As we held in Nichols v. State, 198 Miss. 821, 24 So.2d 14 (1945), where the State by its own showing failed to make out a case of any offense as charged, neither a request for a peremptory charge nor a motion for a new trial on behalf of defendant was necessary, so do we again hold here.
For these reasons the judgment is reversed and the defendant discharged.
Judgment reversed and defendant discharged.
All Justices concur.