Cynthia Sue Box THREET, Appellant,

v.

STATE of Texas, Appellee.

No. 11–85–161–CR.

Court of Appeals of Texas, Eastland.

April 10, 1986.

Lynn Ingalsbe, J.D. (Jeff) Lewis, Abilene, for appellant.

Jorge A. Solis, Crim. Dist. Atty., Abilene, for appellee.

## OPINION

DICKENSON, Justice.

Cynthia Sue Box Threet was convicted in a nonjury trial of violating a provision of the Alcoholic Beverage Code which forbids "exposure of person" on premises where beer is sold.[1] Punishment was assessed as a $200 fine.[2] We affirm.[3]

Appellant's brief contains one ground of error. She argues that the statute under which she was convicted is unconstitutionally vague and uncertain. Appellant cites *Wishnow v. State*, 671 S.W.2d 515 (Tex.Cr. App.1984); *Courtemanche v. State*, 507 S.W.2d 545 (Tex.Cr.App.1974); *Chapa v. State*, 342 S.W.2d 430 (Tex.Cr.App.1961); and *Irven v. State*, 136 S.W.2d 608 (Tex.Cr. App.1940). While these cases deal with violations of the Alcoholic Beverage Code and its predecessor statutes, they are not controlling in connection with "exposure of person" in violation of a different statutory provision in the code.

*Irven* held that "offensive to public decency" is too indefinite and uncertain to be enforceable. There was neither allegation nor proof of any conduct that would support the conclusion that the defendant was offensive to public decency. The only conduct mentioned was that he was intoxicated. As noted in *Irven*, supra at 609:

> The courts have, by a kind of judicial legislation in England and the United States, usually limited the operation of the term [offensive to public decency] to *public exhibitions of the person ...*— acts which have a direct bearing on public morals. (Emphasis added)

*Chapa* dealt with gambling and betting. The court held that the statute, which was revised after *Irven* was decided, "relieves the uncertainty [of the terms 'lewd, immoral or offensive to public decency'] ... only as to the acts and conduct there enumerated and made unlawful. To bet or gamble is not among them."

*Courtemanche* concerned the prohibition of "entertainment, performances, shows, or acts that are lewd or vulgar." The court held that since the terms "lewd" and "vul-

---

1. The allegation and proof was that on or about January 10, 1985, appellant "did then and there intentionally and knowingly expose her person, to-wit: the vagina" on the premises where her employer was authorized to sell beer. The judge resolved the factual dispute as to identity: whether appellant was the dancer who committed the offense by moving her "G-string" to the side and exposing her vagina to one of the customers; or whether a different blonde haired dancer was the guilty party.

2. TEX.ALCO.BEV.CODE ANN. sec. 1.05 (Vernon 1978) provides that a person who violates a provision of the code (for which a specific penalty is not provided) is guilty of a misdemeanor punishable by a fine of not less than $100 nor more than $1,000 or by confinement in the county jail for not more than one year or by both.

3. We reform the judgment of the trial court to show that appellant entered a plea of not guilty. See TEX.CODE CRIM.PRO.ANN. art. 44.24(b) (Vernon Supp.1986).

gar" were not defined in the statute, they were so vague "that men of common intelligence must guess as to [their] meaning and differ as to [their] application." Consequently, the statute was too vague to give due notice of the conduct prohibited.

*Wishnow* also dealt with the prohibition of "lewd or vulgar entertainment or acts" under TEX.ALCO.BEV.CODE ANN. sec. 104.01(6) (Vernon Supp.1986). It held that this provision "is still too vague to be enforceable." The court noted that the Legislature failed to define "lewd" or "vulgar" acts after the decision in *Courtemanche* and had "simply moved the offending provision from the Penal Code to the Alcoholic Beverage Code."

Appellant's conviction is not based upon Section 104.01(6), supra. Her conviction is based upon a violation of the prohibition of "exposure of person" found in TEX.ALCO. BEV.CODE ANN. sec. 104.01(2) (Vernon Supp.1986).[4] Therefore, the question before us is whether the statutory provision is unconstitutionally vague insofar as it prohibits an employee of a person authorized to sell beer at retail from engaging in "the exposure of person" on the premises of the retailer. We hold that it is not.

■■■ *Irven,* supra, cited by appellant, mentions "public exhibitions of the person" as an example of conduct which would be "offensive to public decency." *Tucker v. State,* 28 Tex.App. 541, 13 S.W. 1004 (1890), states that "indecent exhibition of the person" meant:

> [A]n exposure of those parts of the person which are commonly considered as private, and which custom and decency require should be covered and kept concealed from public sight.

In affirming a conviction of a nudist for indecent exhibition of the person, *Campbell v. State,* 338 S.W.2d 255 at 257 (Tex.

**4.** Compare the relevant subsections of Section 104.01:

> No person authorized to sell beer at retail, nor his agent, servant, or employee, may engage in or permit conduct on the premises of the retailer which is lewd, immoral, or offensive to public decency, including, but not limited to, any of the following acts:

Cr.App.1960), quotes and follows *Tucker v. State,* supra. We also accept that definition and hold that it is sufficiently definite. Consequently, Section 104.01(2), supra, is not unconstitutionally vague. Appellant did not have to guess at the meaning of this statutory prohibition. The public exposure of her vagina was a clear violation for which she may be punished.

The judgment of the trial court is affirmed.

\*     \*     \*     \*     \*     \*

(2) the exposure of person or permitting a person to expose his person;

\*     \*     \*     \*     \*     \*

(6) permitting lewd or vulgar entertainment or acts;