Steve ELEFTHERIADIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–92–00407–CR.

Court of Appeals of Texas,
El Paso.

Dec. 1, 1993.

John W. Cliff, Jr., Smith & Cliff, P.C., Odessa, for appellant.

Tracey Worley Bright, Odessa, for the State.

Before OSBORN, C.J., and KOEHLER and BARAJAS, JJ.

### OPINION

KOEHLER, Justice.

This is an appeal from a conviction under TEX.ALCO.BEV.CODE ANN. § 104.01 (Vernon Supp.1993) which prohibits an employee of a licensee from permitting a person to expose her person on premises licensed by the Texas Alcoholic Beverage Commission for the retail sale of beer. The jury found Appellant guilty, and the court sentenced him to thirty

days in jail, probated for one year, and a $1,000 fine. We affirm.

On March 6, 1992, Detectives Harold Thomas and Vic Sykes of the Odessa Police Department entered "The Bunny Club," an Odessa nightclub licensed for the sale of beer and mixed drinks and managed by Appellant, who was present at that time. Therein they observed Brenda Starr Landers, a female dancer, allegedly without "pasties" on or "a top of any type." The evidence is disputed as to whether Brenda Starr Landers was wearing "pasties" when observed by Thomas and Sykes. Both officers testified that she never removed her G-string, although they testified as to the absence of anything covering her breasts. Brenda Starr Landers claimed to have had "pasties" on her breasts on the night in question.

Appellant was charged under Section 104.-01(2) of the Texas Alcoholic Beverage Code which prohibits a person authorized to sell beer at retail, or his agent, servant, or employee from permitting conduct on the premises of the retailer which is lewd, immoral, or offensive to public decency, including "permitting a person to expose his person." Tex. Alco.Bev.Code Ann. § 104.01(2) (Vernon Supp.1993).

Appellant brings three points of error to our attention, each based on the contention that the court applied the wrong definition, and thus, the wrong standard, with regard to the term "expose his person," an essential element under the charged offense. He contends that the "indecent exposure" statute in the Penal Code governs a trial court's analysis of the "expose his person" element. We disagree.

■ In his Point of Error No. One, Appellant claims that conviction required evidence that a person had exposed his or her genitals or anus, and since there was no evidence of this type of exposure, Appellant was entitled to a directed verdict. Significantly, the trial court elected to follow, in its charge to the jury, the definition of "expose h(er) person" utilized and approved by the Eastland Court of Appeals in *Threet v. State*, 710 S.W.2d 98, 100 (Tex.App.—Eastland 1986, no pet.), to wit, " 'Expose her person' means an exposure of those parts of the person which are commonly considered as private, and which custom and decency require should be covered and kept concealed from public sight."[1] Unquestionably, the definition employed is not, on its face, limited to exposure of anus or genitals, nor has any caselaw been cited or discovered by us which holds that a jury is limited to considering only evidence of such exposure, negativing a complaint that a directed verdict, on the ground of a failure to produce such evidence, was proper under this definition.[2]

Appellant's contention stems from his argument that utilization of the *Threet* definition was improper, and that the trial court should have utilized the standard, or definition, applicable to the crime of indecent exposure. The Penal Code provision governing Indecent Exposure provides that it is illegal for a person to expose "his anus or any part of his genitals with intent to arouse or gratify the sexual desire of any person, and he is reckless about whether another is present who will be offended or alarmed by his act." Tex.Penal Code Ann. § 21.08 (Vernon 1989). Although Appellant asserts that the provision cited should be used to define "expose h(er) person," as it is found in the Alcoholic Beverage Code, he would have this Court utilize only the conduct segment, recognizing that the "intent to gratify" and "reckless about whether another is present" elements are inapplicable to the crime under which he was convicted. Thus, Appellant concedes that the two offenses are not the same.

---

1. We find that allowing a jury to determine concepts such as "commonly considered private," "custom," and "decency" are not unconstitutionally vague since a jury is, under current jurisprudence, justified in forming opinions regarding current societal norms. *See Johnson v. State*, 760 S.W.2d 797 (Tex.App.—Dallas 1988, no pet.). Jurors may form opinion whether community standard of decency existed, and whether such was violated, in analyzing materials in light of definition of "Patently Offensive," as set forth in Tex.Penal Code Ann. § 43.21 (Vernon 1989).

2. Notably, the *Threet* Court held first, that the "custom and decency" definition was and is sufficiently definite, and second, Section 104.01(2) is, therefore, not unconstitutionally vague. *Threet*, 710 S.W.2d at 100.

■ Appellant argues that a trial court, in its analysis of a term found in the Alcoholic Beverage Code not therein defined, is required to adhere to the definition of the term or phrase found in the other statutes, including the Penal Code. We agree. *See Vernon v. State,* 841 S.W.2d 407 (Tex.Crim.App. 1992); *Stein v. State,* 689 S.W.2d 932 (Tex. App.—Dallas 1985, pet. ref'd). Yet, Appellant does not argue that the Penal Code specifically defines "expose his person," only that it is "reasonable to believe" that the Legislature intended Alcoholic Beverage Code Section 104.01(2) to be interpreted "in light of" the Texas Penal Code. When no legislative definitions are found, ordinarily words and phrases are to be given their plain meaning, unless a contrary intent is apparent, in which case rules of statutory construction apply to effectuate legislative intent. *E.g., Grunsfeld v. State,* 843 S.W.2d 521 (Tex. Crim.App.1992); *Scharbrough v. State,* 732 S.W.2d 445 (Tex.App.—Fort Worth 1987, pet. ref'd); TEX.GOV'T CODE ANN. § 311.001 et seq. (Vernon 1988) (Code Construction Act). The plain meaning of a term or phrase may be derived from case law interpreting the subject matter. *E.g., Burns v. State,* 728 S.W.2d 114, 116 (Tex.App.—Houston [14th Dist.] 1987, pet. ref'd) (Defining "criminal episode").

*Threet* provides an adequate definition of not just the phrase "expose her person," but specifically the phrase as it applies to the statute under which Appellant was convicted. *Threet,* 710 S.W.2d at 100. *See also Wishnow v. Texas Alcoholic Beverage Comm'n,* 757 S.W.2d 404, 408 (Tex.App.—Houston [14th Dist.] 1988, writ denied) (Agreeing with *Threet*). Even if the plain meaning were limited to the non-judicial, lay person's interpretation of "expose his person," i.e. "to lay open to view" the "body of a human being," statutory construction would be warranted, for only a nonsensical law would penalize the exposure of any part of the body, such as a hand, face, or leg. *See* WEBSTER'S NEW COLLEGIATE DICTIONARY 401, 848 (1980). In construing legislative intent, the Court of Criminal Appeals recently held that "it is presumed that the legislature was aware of case-law affecting or relating to the statute" where an amendment had been made to that statute. *Grunsfeld,* 843 S.W.2d at 523 (Discussing the addition of the word "including" in TEX.CODE CRIM.PROC.ANN. art. 37.07(3)(a)).

■ *Threet,* handed down in 1986, as well as the 1988 case of *Wishnow,* both holding the common law definition of "expose h(er) person" as it is found in Section 104.01 adequate, were decided prior to a 1989 amendment of Section 104.01, which neither changed the wording of the phrase nor announced a legislative definition, and well after the Indecent Exposure provision of the Penal Code had been passed. Acts 1989, 71st Leg., ch. 1200, § 2, eff. June 16, 1989 (amending TEX.ALCO.BEV.CODE ANN. § 104.-01); Acts 1973, 63rd Leg., p. 883, ch. 399, § 1, eff. Jan. 1, 1974 (creating TEX.PENAL CODE ANN. § 21.08). Although the evidence in *Threet* was with regard to the exposure of a person's vagina, and no case found has involved evidence limited to the exposure of a female's breasts, we, nonetheless, conclude, under the principles of statutory construction, that the Legislature intended that the judiciary include the "custom and decency" standard, rather than that of the crime of Indecent Exposure, in interpreting the Alcoholic Beverage Code. *See Grunsfeld,* 843 S.W.2d at 523.

■ Appellant contends that the trial court's use of the common law definition constituted "fundamentally unfair notice." Compellingly, Appellant identifies that portion of the Practice Commentary to Section 21.08 of the Texas Penal Code, wherein the authors claimed that "(t)he object of this section is to provide fair notice of what parts of the body may and may not be exposed under circumstances likely to offend or alarm another. There was no fair notice in prior law...." Texas Penal Code § 21.08, *Practice Commentary—1973.* Since the views of the commentary writers limit their dissertation to the Penal Code provision, which deals specifically with both an intent to "arouse or gratify" and the likelihood of offending or alarming others, we see no justification in assimilating the Commentary language into the Alcoholic Beverage Code provision, which is a much more broad provision, encompassing conduct which is lewd, immoral, or offen-

sive to public decency. *See* TEX. ALCO.BEV.CODE ANN. § 104.01; TEX.PENAL CODE ANN. § 21.08. Similarly, since the Commentary was published, at least two cases have held that the common law definition of "expose his person" applies specifically to Section 104.01(2), thus Appellant at least has been given adequate notice. *See Threet,* 710 S.W.2d at 100; *Wishnow,* 757 S.W.2d at 408.

 Appellant additionally argues that it is illogical to allow public exposure of female breasts, yet prohibit the same conduct in establishments licensed to sell beer or mixed drinks. As the State points out, however, such establishments are part of a heavily regulated industry, and the Federal Courts have held on constitutional grounds that a governing entity may prohibit the exposure of certain parts of the body, including breasts, in establishments selling alcoholic beverages. *Geaneas v. Willets,* 911 F.2d 579, 582, 585 (11th Cir.1990), *cert. denied sub nom. Function Junction, Inc. v. Crowe,* 499 U.S. 955, 111 S.Ct. 1431, 113 L.Ed.2d 484 (1991). *See also Barnes v. Glen Theatre, Inc.,* — U.S. ——, ——, 111 S.Ct. 2456, 2463, 115 L.Ed.2d 504, 515 (1991); *Crosby v. State,* 750 S.W.2d 768 (Tex.Crim.App.1987).

Consequentially, we hold that in viewing all of the evidence in a light most favorable to the verdict, a rational trier of fact could find that Brenda Starr Landers did "expose h(er) person," an essential element of the crime as alleged, beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Geesa v. State,* 820 S.W.2d 154, 159 (Tex.Crim.App.1991); *Enriquez v. State,* 826 S.W.2d 191 (Tex.App.—El Paso 1992, no pet.).

Thus, Appellant's Point of Error No. One is overruled.

Appellant also complains in his last two points of error that the trial court erred in overruling Appellant's objection to that portion of the jury charge defining "expose her person," and in refusing Appellant's requested definition of the same phrase. As discussed above, these complaints are founded, as was Appellant's first point of error, on the argument that the judicially recognized defi-

nition of "expose h(er) person" is inappropriate. As his contention is without merit, we conclude that the trial court was within its discretion in refusing to substitute the definition submitted to the jury. Appellant's final two points of error are overruled.

We affirm the judgment.