# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2000-KM-01581-SCT

*JACQUELYN RICHMOND*

*v.*

*CITY OF CORINTH*

| | |
|---|---|
| DATE OF JUDGMENT: | 7/19/2000 |
| TRIAL JUDGE: | HON. THOMAS J. GARDNER, III |
| COURT FROM WHICH APPEALED: | ALCORN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PHIL R. HINTON |
| ATTORNEY FOR APPELLEE: | THOMAS L. SWEAT, JR. |
| CITY ATTORNEY | THOMAS L. SWEAT, JR. |
| NATURE OF THE CASE: | CRIMINAL - MISDEMEANOR |
| DISPOSITION: | AFFIRMED - 02/07/2002 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 2/28/2002 |

**BEFORE PITTMAN, C.J., EASLEY AND GRAVES, JJ.**

**EASLEY, JUSTICE, FOR THE COURT:**

¶1. Jacquelyn Richmond (Richmond) was found guilty by the Corinth Municipal Court of indecent exposure in violation of Miss. Code Ann. § 97-29-31 (2000). By writ of certiorari, Richmond appealed to the Circuit Court of Alcorn County. The circuit court denied her requested relief. Following that decision, Richmond appealed to this Court arguing that § 97-29-31 is unconstitutionally vague and overbroad in violation of the First and Fourteenth Amendments to the United States Constitution and the Mississippi Constitution. We find that the statute is constitutional and not void for vagueness nor overbroad. Accordingly, we affirm.

## FACTS

¶2. On April 7, 1994, Richmond was charged with indecent exposure pursuant to § 97-29-31 while at Wild Bill's Cabaret in Corinth, Mississippi. A hearing was conducted on June 17-18, 1994. The Corinth Municipal Court found Richmond guilty by order on June 23, 1994. Richmond was fined $250.00 and had 90 days' suspended jail time. Richmond appealed the municipal court decision to the Circuit Court of Alcorn County. That court dismissed the appeal on procedural grounds on October 31, 1994.

¶3. On December 22, 1994, Richmond filed a petition for writ of certiorari with the Circuit Court of Alcorn County. The City of Corinth (the City) filed a response on January 13, 1995. On January 27, 1995, the circuit court granted the writ of certiorari removing the case from the municipal court to the Circuit Court of Alcorn County. An amended writ was filed on September 4, 1997. The City filed a response on December 3, 1997. The Circuit Court of Alcorn County conducted a hearing. On July 19, 2000, the circuit court denied Richmond's requested relief. From this decision, Richmond appeals to this Court. The Attorney

General of the State of Mississippi also filed an amicus curiae brief in support of the statute.

## STATEMENT OF THE ISSUES

**I. Whether § 97-29-31 of the Mississippi Code of 1972, Annotated, as amended is unconstitutional.**

## LEGAL ANALYSIS

## STANDARD OF REVIEW

¶4. This Court in *Jones v. State*, 710 So.2d 870, 877 (Miss. 1998), set out the standard for determining the constitutionality of a statute as follows:

> A party challenging the constitutionality of a statute must prove his case by showing the unconstitutionality of the statute beyond a reasonable doubt. *Vance v. Lincoln County Dep't of Pub. Welfare*, 582 So.2d 414, 419 (Miss.1991). 'This Court will strike down a statute on constitutional grounds only where it appears beyond all reasonable doubt that such statute violates the constitution.' *Wells v. Panola County Bd. of Educ.*, 645 So.2d 883, 888 (Miss.1994).We adhere here to the rule that one who assails a legislative enactment must overcome the strong presumption of validity and such assailant must prove his conclusion affirmatively, and clearly establish it beyond a reasonable doubt. All doubts must be resolved in favor of the validity of a statute. If possible, courts should construe statutes so as to render them constitutional rather than unconstitutional if the statute under attack does not clearly and apparently conflict with organic law after first resolving all doubts in favor of validity. *Loden v. Mississippi Pub. Serv. Comm'n*, 279 So.2d 636, 640 (Miss.1973) (citations omitted); see also *Hoops*, 681 So.2d at 536.

*See also* **Corry v. State**, 710 So.2d 853, 859 (Miss. 1998); **Nicholson ex rel. Gollott v. State**, 672 So.2d 744, 750 (Miss. 1996)(statutes have a presumption of validity overcome only by showing unconstitutionality beyond a reasonable doubt). This Court in **Reining v. State**, 606 So.2d 1098, 1103 (Miss. 1992), provided guidance in cases involving criminal statutes as follows:

> Although a statute imposing criminal penalties must be strictly construed in favor of the accused, it should not be so strict as to override common sense or statutory purpose. *United States v. Brown*, 333 U.S. 18, 25, 68 S.Ct. 376, 380, 92 L.Ed. 442, 448 (1948); *see also* **State v. Burnham**, 546 So.2d 690, 692 (Miss.1989). Strict construction means reasonable construction. **State v. Martin**, 495 So.2d 501, 502 (Miss.1986). This Court has held that the test concerning statutory construction is whether a person of ordinary intelligence would, by reading the statute, receive fair notice of that which is required or forbidden. **Burnham**, 546 So.2d at 692; **Roberson v. State**, 501 So.2d 398, 400 (Miss.1987); **Cassibry v. State**, 404 So.2d 1360, 1368 (Miss.1981).

¶5. This Court has viewed the constitutionality of a statute in the context of the First Amendment protection of free speech and expression. In **ABC Interstate Theatres, Inc. v. State**, 325 So.2d 123 (Miss. 1976), this Court addressed the constitutionality of Miss. Code Ann. § 97-29-33. That statute was challenged in regard to the motion picture "The Exorcist." *Id*. The Court reviewed the constitutionality of the language which prohibited showing "any obscene, indecent, or immoral picture." In *ABC*, the Court relied upon *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), and cited the following:

'. . . State statutes designed to regulate obscene material must be carefully limited. . . . As a result, we now confine the permissible scope of such regulations to works which (would) depict or describe sexual conduct. That conduct must be specifically defined by the applicable state law, as written or authoritatively construed. (The stated) offense must also be limited to works which, taken as a whole, appeal to prurient interest in sex, which portray sexual conduct in a patently offensive way, and which taken as a whole, do not have serious literary, artistic, political, or scientific value. 413 U.S. at 23-24, 93 S.Ct. at 2614-2615, 37 L.Ed.2d at 430-431.'

¶6. The standard for the trier of fact was stated:

'The basic guidelines for the trier of fact must be: (a) whether 'the average person, applying contemporary ocmmunity [sic] standards' would find that the work, taken as a whole, appeals to the prurient interest . . . (b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law; and (c) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value. . . . 413 U.S. at 24, 93 S.Ct. at 2615, 37 L.Ed.2d at 431.'

¶7. The area of regulation remaining to the states was expressed through the following examples:

'We emphasize that it is not our function to propose regulatory schemes for the States. That must await their concrete legislative efforts. It is possible, however, to give a few plain examples of what a state statute could define for regulation under part (b) of the standard announced in this opinion, supra:

(a) Patently offensive representations or descriptions of ultimate sexual acts, normal or perverted, actual or simulated.

(b) Patently offensive representations or descriptions of masturbation, excretory functions, and lewd exhibition of the genitals.

Sex and nudity may not be exploited without limit by films or pictures exhibited or sold in places of public accommodation any more than live sex and nudity can be exhibited or sold without limit in such public places. At a minimum, prurient, patently offensive depiction or description of sexual conduct must have serious literary, artistic, political, or scientific value to merit First Amendment protection. . . . 413 U.S. at 25-26, 93 S.Ct. at 2615-2616, 37 L.Ed.2d at 431-432.'

*ABC*, 325 So.2d at 125-26. This Court in *ABC* determined § 97-29-33 to be unconstitutional and declined to authoritatively construe the statute in light of *Miller. Id.* at 126.

¶8. Significantly, *Miller* dealt with a written communication of mailed, unsolicited material and not conduct. As to the issue of conduct, the *Miller* Court acknowledged that "[a]lthough we are not presented here with the problem of regulating lewd public conduct itself, the States have greater power to regulate nonverbal, physical conduct than to suppress depictions or descriptions of the same behavior. *Miller v. California*, 413 U.S. at 26 n.8, 93 S.Ct. at 2616 n.8. (emphasis added).

### I. Vagueness

¶9. Richmond asserts that the indecent exposure statute, Miss. Code Ann. § 97-29-31, is unconstitutional

because it is vague and overbroad. In specific, Richmond claims that the statute is vague because it fails to specify the conduct prohibited. Further, Richmond argues that the terms "lewdly," "person," "private parts," and "public place" are not defined.

¶10. The vagueness doctrine has been explained by this Court in ***Corry v. State***, 710 So.2d 1101, 1102 (Miss.1998). A statute challenged on the grounds of vagueness is void if "individuals of common intelligence must necessarily guess at the meaning and differ as to its application." ***Id.*** (citing ***Jones v. City of Meridian***, 552 So.2d 820, 824 (Miss. 1989)). A statute that is unconstitutionally vague is violative of the Fourteenth Amendment due process clause. ***Jones***, 552 So.2d at 824.

¶11. Miss. Code Ann. § 97-29-31 defines indecent exposure as follows:

> A person who wilfully and lewdly exposes his person, or private parts thereof, in any public place, or in any place where others are present, or procures another to so expose himself, is guilty of a misdemeanor and, on conviction, shall be punished by a fine not exceeding five hundred dollars ($500.00) or be imprisoned not exceeding six (6) months, or both.

The statute in its current form has not been modified by the Legislature since 1971.

¶12. The City argues that the United States Supreme Court used the word "lewd" without further explanation in ***Miller***. ***Miller***, 413 U.S. at 25, 93 S.Ct. at 2617. In addition, the same language is cited in ***ABC Interstate Theatres, Inc. v. State***, 325 So.2d 123 (Miss. 1976). Therefore, the City argues that if the language is sufficient in ***Miller*** and in ***ABC***, then the term is sufficiently specific in the statute.

¶13. In ***J&B Entertainment, Inc. v. City of Jackson***, 152 F.3d 362, 379-80 (5th Cir. 1998), the Fifth Circuit held the following, in regard to the term "lewd":

> *Other public indecency statutes in other states, however, generally define "lewd" by reference to the **Miller** definition of obscenity, the third prong of which is identical to the [O]rdinance's exception. See **State v. Bouye**, 325 S.C. 260, 484 S.E.2d 461, 464 (1997) (noting that dictionaries define "lewd" and "obscene" synonymously, and holding that a statute prohibiting lewd nudity covers only obscenity); **Louisiana v. Crater**, 388 So.2d 802, 803 (La.1980) (finding a state statute prohibiting lewd dancing void for vagueness because it might reach more than obscene dancing); **City of Seattle v. Johnson**, 58 Wash.App. 64, 791 P.2d 266, 269 (1990) (holding city's lewd conduct ordinance facially overbroad). Section 97-29-31, to be constitutional, may thus include an exception in the case of a person "engaged in expressing a matter of serious literary, artistic, scientific or political value."*

(emphasis added).

¶14. In its amicus curiae brief, the State argues that these terms have survived constitutional challenges in other states. The language used in the Mississippi statute also tracks the language used in other states.[1]

¶15. When examining a statute, this Court in has stated the following:

> In considering a statute passed by the legislature, ... the first question a court should decide is whether the statute is ambiguous. If it is not ambiguous, the court should simply apply the statute according to its plain meaning and should not use principles of statutory construction. Whether the statute is

ambiguous, or not, the ultimate goal of this Court in interpreting a statute is to discern and give effect to the legislative intent.

*Evans v. State*, 725 So.2d 613, 657 (Miss. 1997)(citations omitted). However, if a statute is unclear or ambiguous then the court may look beyond the statutory language to determine the intent of the Legislature via the rules of construction. *Kerr-McGee Chem. Corp. v. Buelow*, 670 So.2d 12, 17 (Miss.1995).

¶16. In *Clark v. State ex rel. Miss. State Med. Ass'n,* 381 So.2d 1046, 1048 (Miss.1980), this Court held that:

> The primary rule of construction is to ascertain the intent of the legislature from the statute as a whole and from the language used therein. Where the statute is plain and unambiguous there is no room for construction, but where it is ambiguous the court, in determining the legislative intent, may look not only to the language used but also to its historical background, its subject matter, and the purposes and objects to be accomplished. Finally all presumptions and intendments must be indulged in favor of the validity of a statute, and its unconstitutionality must appear beyond a reasonable doubt before it will be declared invalid.

¶17. Indeed, § 97-29-31 does not define "lewdly." There are other statutes that contain the term "lewd." However, the Mississippi Code does not define "lewdly" or "lewd", in other statutes or case law. Prior case law concerning § 97-29-31 does not specifically address the issue of defining the term either. *See Pendergrass v. State*, 193 So.2d 126, 128 (Miss. 1966)(defendant found to have not willfully and lewdly exposed herself where she was allegedly unclothed on a private tract of land not visible from the road and immediately clothed herself when people were seen on the land); *Stark v. State*, 81 Miss 397, 33 So. 175 (1903)(deficiency in the indictment). The term "lewd" is described as "[o]bscene or indecent; tending to moral impurity or wantonness <lewd behavior>." Black's Law Dictionary 919 (7th ed. 1999).

¶18. Mississippi case law is riddled with the term "private parts" quite often in regard to rape and sexual battery cases without additional explanation. *See Bell v. State,* 797 So.2d 945 (Miss. 2001); *Hennington v. State*, 702 So.2d 403 (Miss. 1997); *Henderson v. State*, 660 So.2d 220 (Miss. 1995); *Toliver v. State*, 600 So.2d 186 (Miss. 1992).

¶19. Further, this Court in *Nelson v. City of Natchez*, 197 Miss. 26, 19 So.2d 747 (1944), dealt with a city ordinance prohibiting profanity in a public place. The Court defined a "public place" in that instance as being "within the ordinance, and as applied to an enclosure, room or building, must be considered as one wherein, by general invitation, members of the public attend for reasons of business, entertainment, instruction or the like, and are welcome so long as they conform to what is customarily there done." In *Nelson*, the profanity occurred in a restaurant which was included in the definition of "public place" and the conviction affirmed.

¶20. Clearly, the plain meaning of the terms "lewdly," "person," "private parts," and "public place" are not defined in the statute. Yet, the statute is not ambiguous, and this Court will apply the statute according to its plain meaning without further use of the principles of statutory construction. Consequently, a common sense reading of the statute adequately provides an individual of common intelligence an understanding and notice of what conduct is acceptable or prohibited. Accordingly, the statute is constitutional and not void for vagueness.

## II. Overbreadth doctrine

¶21. Richmond argues that the statute is also overbroad because police have the discretion to determine what is "lewd," immoral or improper. Since the term "lewdly" is not defined, Richmond asserts that an interpretation may include both obscene and unprotected behavior as well as normal, healthy sexual interests. Further, Richmond claims that a person can be guilty of the offense if she either exposes her person, that being her private parts or non-private parts, in either a public or private place (where others are present). In other words, Richmond is asserting that the statute encompasses both protected and unprotected conduct.

¶22. Richmond, without specificity, also relies upon this Court's reasoning in *ABC*, to support the proposition that the statute is unconstitutional. As stated previously, this Court in *ABC* found § 97-29-33 to be unconstitutional. *ABC*, 325 So.2d at 125. Furthermore, this Court refused to revitalize the statute, particularly the terms "obscene, indecent, or immoral" in the context of a motion picture, by authoritative construction. *Id*. The Court, also, reasoned that any application of the construction would be prospective as to the appellant. *Id*.

¶23. This Court in *Jones v. City of Meridian*, 552 So.2d 820, 824 (Miss 1989), also addressed the overbreadth doctrine and stated the following:

> Under the "overbreadth doctrine," a statute may be invalidated if it is fairly capable of being utilized to regulate, burden, or punish constitutionally- protected speech or conduct. *Thornhill v. Alabama*, 310 U.S. 88, 97, 60 S.Ct. 736, 741-42, 84 L.Ed. 1093, 1099-1100 (1940). The United States Supreme Court has provided further guidance:

> Particularly where conduct and not mere speech is involved, the facial overbreadth of a statute must be both real and substantial, judged in relation to the statute's plainly legitimate sweep, to justify holding it to be void on its face as violative of the First Amendment's freedom of expression. *Broadrick v. Oklahoma*, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973).

(emphasis added).

¶24. The record does not provide this Court with the exact details of Richmond's conduct other than to state that she was convicted for indecent exposure pursuant to § 97-29-31. There are no findings of fact nor transcripts. This is problematic in terms of Richmond's ultimate request in her conclusion that the statute should be declared unconstitutional and her conviction should be reversed and rendered. The City alludes to *Threet v. State*, 710 SW.2d 98 (Tex. Ct. App. 1986), a case from Texas in which a dancer allegedly moved her G-string and exposed her private parts (vagina) to a patron. The City claims that the factual situation in *Threet* is close to the facts in this case before the Court. Further, the City alludes to the case sub judice as relating to conduct of exotic dancers at Wild Bill's Cabaret.

¶25. Richmond cites examples of situations in which the statute is overbroad. Among the list of possibilities is a prohibition of total or partial nudity absent exposure of a person's private parts; legitimate theatrical productions including ballet productions; or spouses exposing themselves to one another in a private place.

¶26. The examples posed by Richmond are unpersuasive in this Court's analysis. The statute only prohibits nudity accompanied by lewdness. A theatrical production, such as a ballet performance, usually falls into a category of artistic expression. This Court in *ABC* incorporates the *Miller* standard which considers

serious artistic value. ***ABC***, 325 So.2d at 125-26. Using ***J&B*** as guidance, the federal court stated that lewdness had been defined in other indecency statutes by the third prong of the ***Miller*** case. ***J&B Entertainment, Inc. v. City of Jackson***, 152 F.3d at 379. ***J&B*** further states that "Section 97-29-31, to be constitutional, may thus include an exception in the case of a person 'engaged in expressing a matter of serious literary, artistic, scientific or political value.'" ***J&B***, 152 F.3d at 379-80. As for spouses exposing themselves to one another, this may not be done in a public place.

¶27. The Court in ***Miller*** made a clear distinction in regulating written communications as opposed to conduct. ***Miller*** noted that a State has greater power to regulate nonverbal, physical conduct. ***Miller***, 413 U.S. at 26 n. 8, 93 S.Ct. at 2616 n. 8. Certain conduct may be allowed; however, in cases where serious literary, artistic, political or scientific value are present.

¶28. As noted above, the record does not contain the exact conduct of Richmond. To the extent that she may have exposed the same private parts of her body in a cabaret lounge for others to view, as described in ***Threet***, the conduct was prohibited pursuant to the statute. No real or substantial effect on a legitimate expression has been demonstrated. Any restriction on First Amendment expression is not greater than the State's governmental interest in prohibiting indecent exposure. Accordingly, the statute is not overbroad as applied in this case.

## CONCLUSION

¶29. The indecent exposure statute, Miss. Code Ann. § 97-29-31 (2000), is constitutional and not void for vagueness or overbroad. Therefore, the judgment of the Alcorn County Circuit Court is affirmed.

¶30. **AFFIRMED**.

**PITTMAN, C.J., SMITH, P.J., WALLER, CARLSON AND GRAVES, JJ., CONCUR. McRAE, P.J., COBB AND DIAZ, JJ., CONCUR IN RESULT ONLY.**

1. The State cites many examples, including, but not limited to, the following statutes: Cal. Penal Code § 314; Okla. Stat. Ann. § 1021; S.C. Code Ann. § 16-15-130; Va. Code Ann. § 18.2-387.