# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2009-CA-00052-SCT

*STATE OF MISSISSIPPI, EX REL JIM HOOD,*
*ATTORNEY GENERAL*

*v.*

*LOUISVILLE TIRE CENTER, INC. d/b/a FAIR OIL*
*COMPANY*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/25/2008 |
| TRIAL JUDGE: | HON. J. MAX KILPATRICK |
| COURT FROM WHICH APPEALED: | WINSTON COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: MEREDITH McCOLLUM ALDRIDGE |
| | BRIDGETTE WIGGINS |
| ATTORNEYS FOR APPELLEE: | CHARLES E. WINFIELD |
| | JOY WOLFE GRAVES |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | ON DIRECT APPEAL: REVERSED AND |
| | REMANDED; ON CROSS-APPEAL: |
| | AFFIRMED - 03/10/2011 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**PIERCE, JUSTICE, FOR THE COURT:**

¶1.     Mississippi's Price-Gouging Statute penalizes businesses that raise the price of their goods from the price charged "in the same market area . . . at or immediately before" a proclamation of a state of emergency.[1]  The State of Mississippi, through Attorney General Jim Hood, filed a price-gouging claim against Louisville Tire Center, Inc., d/b/a Fair Oil Co.,

---

[1]Miss. Code Ann. § 75-24-25 (Rev. 2009).

for violations of Mississippi Code Section 75-24-25 ( the "Price-Gouging Statute").  Fair Oil filed a motion for summary judgment alleging that the Price-Gouging Statute was unconstitutionally vague.  The trial court granted Fair Oil's motion, and the State appealed.  Because the Price-Gouging Statute is not void on its face and a void-as-applied challenge is not yet ripe for this Court's review, we reverse and remand.

**STATEMENT OF FACTS**

¶2.     On Friday, August 26, 2005, Gov. Haley Barbour signed a proclamation, declaring a state of emergency throughout Mississippi because of the threat of Hurricane Katrina.  The proclamation stated that the storm was expected to threaten the safety of the public and damage property throughout Mississippi.  Additionally, the proclamation designated a state of emergency in the areas affected[2] by Katrina, which struck Mississippi with devastating force on Monday, August 29, 2005, causing death and immense property damage.

¶3.     In the wake of Katrina, Fair Oil, along with many other businesses in the State, faced difficulty in providing services for fellow Mississippians.  Fair Oil alleges that its employees worked longer hours and waited in longer lines to provide gasoline and diesel fuel to various outlets in Central Mississippi and, accordingly, claims that it incurred  additional costs and expenses.  In response to consumer reports about Fair Oil's price increases, the attorney general issued a Civil Investigative Demand ("CID") to Fair Oil, requesting responses to various questions and production of various documents, all relating to Fair Oil's fuel pricing at retail locations in Starkville and West Point during August 2005 through December 2005.

---

[2] This proclamation was issued prior to landfall of Hurricane Katrina, and the proclamation clearly designated that all of Mississippi had the potential of being affected.  Therefore, if an area of the State was affected, this proclamation covered that area.

¶4.     The CID sought daily fuel-pricing information, but Fair Oil asserted that it could provide only weekly pricing information, because daily price changes were communicated verbally through telephone calls to each store and were not recorded.[3] Ultimately, Fair Oil offered average weekly pricing information using Excel software. Relying upon similar policies in Alabama and Florida, the attorney general averaged these weekly numbers for the thirty days leading up to the declaration of emergency to set the price standard charged by Fair Oil "at or immediately before" the declaration of emergency. Comparing this thirty-day average price with prices charged by Fair Oil after the declaration of emergency, the attorney general alleged that Fair Oil had violated the Price-Gouging Statute.

¶5.     However, the record and briefs reveal that, during settlement negotiations with Fair Oil, the attorney general used, at varying times, a ten-day and a twenty-five-day standard. After settlement negotiations failed, the attorney general filed suit against Fair Oil in the Chancery Court of Winston County, settling on a thirty-day standard. In response, Fair Oil filed an Answer, Defenses and Counterclaims on July 12, 2007, and then an amended Motion to Dismiss, Answer, Defenses and Counterclaims on January 31, 2008, maintaining its previous claims and seeking a declaratory judgment that the Price-Gouging Statute was unconstitutional as applied. On February 14, 2009, Fair Oil filed a motion for summary judgment, seeking a determination in favor of the issues presented in its counterclaim and amended counterclaim.

---

[3]Under Mississippi Code Section 75-24-17 (Rev. 2009), the attorney general has specific authority to seek sanctions in chancery or county court against any person who knowingly and willfully fails or refuses to comply with these investigative tools. The record does not reflect whether the attorney general used this authority.

¶6. Fair Oil contends that the language of the Price-Gouging Statute is vague and therefore, unconstitutional, specifically objecting to the phrases "same market area" and "at or immediately before."[4] Fair Oil asserts that the attorney general and his staff admit confusion regarding the language of the Price-Gouging Statute. In its November 25, 2008, opinion, the trial court found that the phrase "same market area" was not unconstitutionally vague. However, the trial court granted summary judgment for Fair Oil, finding the phrase "at or immediately before" to be unconstitutionally vague, inadequate at offering "explicit standards for potential violators to avoid penalties," and, consequently, void.

¶7. On appeal, the State asserts that: 1) the trial court erred when it failed to analyze Fair Oil's conduct before holding that the Price-Gouging Statute was unconstitutionally vague; 2) the trial court erred because it applied the incorrect vagueness test; 3) the trial court erred when it relied upon settlement negotiations as a basis for finding the Price-Gouging Statute unconstitutionally vague; and 4) the trial court erred when it failed to require Fair Oil to meet its burden of proof that the Price-Gouging Statute was unconstitutionally vague beyond a reasonable doubt. In response, Fair Oil cross-appeals and contends that it was entitled to summary judgment on the additional ground that "same market area" also is impermissibly vague.

**ANALYSIS**

¶8. In this case, our standards for vagueness and summary judgment intersect. The law regarding a void-for-vagueness challenge is clear: A statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess

---

[4] *See* Miss Code Ann. § 75-24-25(2) (Rev. 2009).

4

at its meaning and differ as to its application violates the first essential element of due process[5] guaranteed by the Fourteenth Amendment.[6] But there is a strong presumption that a legislative enactment is valid,[7] and we will strike down a statute only when it appears beyond a reasonable doubt that it violates the constitution.[8] Criminal statutes, specifically, must clearly warn what conduct is prohibited when evaluated by common understanding and practice,[9] as must civil statutes and regulations.[10] However, a rule or standard is not objectionable merely because it is stated in general terms and is not susceptible of precise application.[11] Common examples of such general standards include negligence, unconscionability, fraud, etc.[12]

¶9.     The standard for summary judgment is likewise familiar: it should be granted only when the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that

---

[5]*Meeks v. Tallahatchie County*, 513 So. 2d 563, 566 (Miss. 1987) (quoting *Connally v. Gen. Constr. Co.*, 269 U.S. 385, 391, 46 S. Ct. 126, 70 L. Ed. 322 (1925)).

[6]*Richmond v. City of Corinth*, 816 So. 2d 373, 376-77 (Miss. 2002).

[7]*Fulgham v. State*, 47 So. 3d 698 , 70 (Miss. 2010).

[8]*Richmond*, 816 So. 2d at 377 (citing *Jones v. State*, 710 So. 2d 870, 877 (Miss. 1998)).

[9]*Cassibry v. State*, 404 So. 2d 1360, 1368 (Miss. 1981) (quoting *Jordan v. DeGeorge*, 341 U.S. 223, 231, 71 S. Ct. 703, 95 L. Ed. 886 (1951)).

[10]*Harris v. Miss. Real Estate Comm'n*, 500 So. 2d 958, 965 (Miss. 1986).

[11]*Vance v. Lincoln County Dep't of Pub. Welfare by Weathers*, 582 So. 2d 414, 419 (Miss. 1991).

[12]*Id.*

the moving party is entitled to a judgment as a matter of law.[13] This Court applies a de novo standard of review when examining a grant or denial of summary judgment.[14] The trial court must carefully review all the evidentiary matters in the light most favorable to the nonmoving party.[15]

¶10. Considering those standards, we study the relevant text of the statute:

> (2) Whenever, under the Mississippi Emergency Management Law, Sections 33-15-1 through 33-15-49, a state of emergency or a local emergency is declared to exist in this state, then the value received for all goods and services sold within the designated emergency area shall not exceed the prices ordinarily charged for comparable goods and services in the same market area at or immediately before the declaration of a state of emergency or local emergency. However, the value received may include: any expenses, the costs of the goods and services which are necessarily incurred in procuring such goods and services during a state of emergency or local emergency. The prices ordinarily charged for comparable goods or services in the same market area do not include temporarily discounted goods or services. The same market area does not necessarily mean a single provider of goods or services.[16]

Variously, the chancellor appeared to declare the statute void on its face and void as applied to oil companies, in general. These are different concepts. We find that the statute is not void on its face, and that a declaration that it is void as applied is premature.

*Constitutionality of the statute "on its face"*

---

[13]Miss. R. Civ. P. 56(c).

[14]***Evan Johnson & Sons Constr., Inc. v. State***, 877 So. 2d 360, 364 (Miss. 2004) (citing ***Short v. Columbus Rubber & Gasket Co.***, 535 So. 2d 61, 65 (Miss. 1988)).

[15]***Id.*** (citing ***Brown v. Credit Ctrs., Inc.***, 444 So. 2d 358, 362 (Miss. 1983)).

[16]Miss. Code Ann. § 75-24-25(2) (Rev. 2009).

¶11.   Facial invalidity is strong medicine that has been employed sparingly, as a last resort.[17]  The complainant must demonstrate that the law is "impermissibly vague in all its applications."[18]  Comprehending the nature of the conduct prohibited by the Price-Gouging Statute requires neither an advanced degree from the Wharton Business School nor an accounting degree from one of our fine public universities.  The alleged conduct being prosecuted is the raising of prices after the declaration of a state of emergency, absent justification.  The baseline price provided by the statute is whatever was being charged "in the same market area . . . at or immediately before" the state of emergency.  "At" means "[o]n or near the time or age of . . . ."[19]  "Immediately" is defined as "1. Without intermediary: directly."[20]  "Before" means "[i]n the past: earlier."[21]  The absence of "perfect clarity and precise guidance" does not render this provision unconstitutionally vague.

¶12.   Similarly, we affirm the chancellor's decision that the phrase "same market area" is not void on its face.  The chancellor accurately surmised that the terms "'market area or 'trade area' would be clear to any businessman who wants to charge competitive prices and attract customers."  Based on the aforementioned analysis, the chancellor erred in holding that the Price-Gouging Statute did not "pass constitutional muster" on its face.

---

[17]***Nat'l Endowment for the Arts v. Finley***, 524 U.S. 569, 580, 118 S. Ct. 2168, 141 L. Ed. 2d 500 (1998).

[18]***Fulgham***, 47 So 3d at 701 (quoting ***Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.***, 455 U.S. 489, 495, 102 S. Ct. 1186, 71 L. Ed. 2d 362 (1982)).

[19]*Webster's II New College Dictionary* at 70 (1995).

[20]*Id.* at 552.

[21]*Id.* at 99.

*Constitutionality of the statute "as applied"*

¶13.    Though briefly considered, the chancellor never determined whether Fair Oil had violated the Price-Gouging Statute.  At the hearing on the motion for summary judgment, Fair Oil concentrated on arguing that the Price-Gouging Statute was vague and therefore, unconstitutional, avoiding any evaluation of its specific conduct.  The attorney general alleges that Fair Oil violated the statute by raising prices above a base price calculated by the attorney general using a formula devised by his office.  However, with due respect to the attorney general, his interpretation of this statute remains only a hypothetical application until that interpretation is put into force by the judiciary.  And we will not strike down legislative enactments based on hypothetical applications.[22]  Fair Oil remains a potential violator until the trial court examines its conduct in light of a judicial interpretation of statute.  The chancellor should take into account all evidence and argument, including the attorney general's interpretation, but the final interpretation and application of this statute is the province of the judiciary.

¶14.    Since the only basis for Fair Oil's motion for summary judgment was its assertion that the statute was unconstitutional, summary judgment should have been denied.

## CONCLUSION

¶15.    The language of the Price-Gouging Statute provides adequate notice on its face of what is prohibited when a state of emergency is declared.  Therefore, we reverse the trial court's grant of summary judgment and remand this case for further proceedings consistent with this opinion.  Since we affirm the trial court's determination that the phrase "same

---

[22]*See* **Harris**, 500 So. 2d at 965; ***Vill. of Hoffman Estates***, 455 U.S. at 495.

market area" is not void on its face, the sole issue of Fair Oil's cross-appeal, we affirm on cross-appeal. On remand, Fair Oil's conduct should be examined in light of a judicial interpretation of the statute. This issue alone requires remand without discussion of the other issues presented to this Court, since those issues turn squarely on the constitutionality of the Price-Gouging Statute.

¶16. **ON DIRECT APPEAL: REVERSED AND REMANDED. ON CROSS-APPEAL: AFFIRMED.**

**WALLER, C.J., CARLSON AND DICKINSON, P.JJ., RANDOLPH, LAMAR, KITCHENS AND CHANDLER, JJ., CONCUR. KING, J., NOT PARTICIPATING.**