GRIFFIS, P.J.,
 

 for the Court:
 

 ¶ 1. On April 8, 2005, Desmond Shields pleaded guilty to manslaughter and robbery. Pursuant to a plea bargain, Shields was sentenced to twenty and fifteen years, respectively, and the sentences were ordered to be served consecutively.
 

 ¶ 2. On May 5, 2010, Shields filed in the circuit court a “Motion For a Modification of Sentence.” The motion contended that Shields had not actually been involved in the robbery of the victim. It claimed that this fact had been established at the trials of the other participants in the crime. Shields’s motion requested that the circuit court vacate or otherwise modify Shields’s conviction and sentence for robbery.
 

 ¶ 8. The circuit court treated the motion as one for post-conviction relief (PCR) and dismissed it as time-barred as it was filed more than three years- after the entry of Shields’s conviction.
 
 See
 
 Miss.Code Ann. § 99-89-5(2) (Supp.2011). Shields appeals.
 

 STANDARD OF REVIEW
 

 ¶ 4. A circuit court may summarily dismiss a PCR motion “[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the ease that the movant is not entitled to any relief.” Miss.Code Ann. § 99-39-11(2) (Supp.2011). An appellate court will affirm the summary dismissal of a PCR motion if the movant has “failed to demonstrate a claim procedurally alive substantially showing the denial of a state or federal right.”
 
 Robinson v. State,
 
 19 So.3d 140, 142 (¶ 6) (Miss.Ct.App.2009). We review the dismissal of a PCR motion for an abuse of discretion, and we will not disturb the trial court’s factual findings unless they are shown to be clearly erroneous.
 
 Burrough v. State,
 
 9 So.3d 368, 371 (¶ 6) (Miss.2009);
 
 Williams v. State,
 
 872 So.2d 711, 712 (¶2) (Miss.Ct.App.2004). But we will reverse and remand for a hearing if the movant has “alleged facts which require further inquiry in the expanded setting of an evidentiary hearing.”
 
 Mitchener v. State,
 
 964 So.2d 1188, 1192-93 (¶ 10) (Miss.Ct.App.2007).
 

 DISCUSSION
 

 ¶ 5. Shields filed his motion more than five years after the entry of his conviction; it is clearly time-barred by section 99-39-5(2), which requires that a PCR motion be filed within three years. None of the exceptions to the time bar apply.
 

 ¶ 6. Notwithstanding the time bar, Shields’s claims are without merit. Shields contends in his motion that he did not commit a robbery and should not have been punished for that crime. However, this is belied by his own testimony at the plea hearing:
 

 [Judge] Now, I need to hear what you did.
 

 [Shields] I was, I was there. I participated.
 

 [Judge] How did you participate?
 

 [Shields] I aided and abetted.
 

 [Judge] Okay. How did you do that? What did you actually do? I’ve heard two trials and another plea, so I’m familiar with a lot of the facts. Did you receive a phone call from your cousin?
 

 [Shields] Yes, sir.
 

 [Judge] Did he request your assistance in disposing of a body?
 

 [Shields] Yes, sir.
 

 [Judge] And completing of a robbery?
 

 [Shields] Yes, sir.
 

 
 *88
 
 [Judge] Did you agree to do that?
 

 [Shields] Yes, sir.
 

 [Judge] How? What did you do? What did you do?
 

 [Shields] They came and picked me up.
 

 [Judge] Who is “they”?
 

 [Shields] My co-defendants on the case, Anthony Booker, Shawn Davis, Mary Scarbrough [sic].
 

 [Judge] Were they friends of yours? Friends and relatives of yours?
 

 [Shields] Just a relative.
 

 [Judge] Okay.
 

 [Shields] They were friends of his.
 

 [Judge] Of your cousin?
 

 [Shields] Yes, sir.
 

 [Judge] Your cousin was?
 

 [Shields] Anthony Booker.
 

 [Judge] Right. They arrived at your house?
 

 [Shields] Sir?
 

 [Judge] They arrived at your house?
 

 [Shields] Yes, sir. They arrived at my house. They picked me up. We proceeded to Vancleave where they—
 

 [Judge] The victim, Dorian Johnson, was present?
 

 [Shields] Yes, sir.
 

 [Judge] You were in two vehicles?
 

 [Shields] Yes, sir.
 

 [Judge] And you were driving, operating the vehicle with Mr. Johnson in it?
 

 [Shields] Yes, sir.
 

 [Judge] So, you drove him to the location his body was found?
 

 [Shields] Yes, sir.
 

 [Judge] He was alive at that time?
 

 [Shields] Yes, sir.
 

 [Judge] What happened when you arrived?
 

 [Shields] When we arrived they, Davis and Booker removed him from the vehicle. They took him down the logging trail. They proceeded to—
 

 [Judge] Did you participate in that?
 

 [Shields] Not, not with removing the body, but I, I was present at the time of, of when they was [sic] doing it.
 

 [Judge] And property was stolen from Mr. Johnson?
 

 [Shields] Yes, sir.
 

 [Judge] What property?
 

 [Shields] The vehicle.
 

 [Judge] The vehicle?
 

 [Shields] Yes, sir.
 

 [Judge] Any personal property?
 

 [Shields] And a[sic] ATM card, the wallet.
 

 [Judge] And you were with the others while this was going on?
 

 [Shields] Yes, sir.
 

 [Judge] After y’all left that scene, what did you do with the vehicle?
 

 [Shields] We cleaned, we cleaned it up and dumped it at the airport in Gulf-port, the Biloxi-Gulfport Airport, and proceeded on.
 

 ¶ 7. The Mississippi Supreme Court has held that “where an affidavit is overwhelmingly belied by unimpeachable documentary evidence in the record such as, for example, a transcript or written statements of the affiant to the contrary to the extent that the court can conclude that the affidavit is a sham[,] no hearing is required.”
 
 Young v. State,
 
 731 So.2d 1120, 1122-23 (¶ 10) (Miss.1999). Additionally, appellate court decisions reviewing the trials of the other participants in this crime suggest that Shields’s specific claim about the testimony in the trials is false — the victim was robbed after Shields joined in.
 
 See Booker v. State,
 
 5 So.3d 411, 416 (¶ 3) (Miss.Ct.App.2008);
 
 Scarborough v. State,
 
 956 So.2d 382, 384 (¶¶ 10-12) (Miss.Ct.App.2007).
 

 
 *89
 
 ¶ 8. When the circuit court took Shields’s guilty plea, it informed him that by pleading guilty he was waiving his rights to testify or offer evidence in his defense, cross-examine witnesses, and make the State prove every element of each offense at trial. His claims of innocence are procedurally barred and without merit.
 

 ¶ 9. In his brief on appeal, Shields raises additional issues, alleging that his indictment for robbery was “faulty” and “illegal” and that he pleaded guilty under duress. These claims are time-barred, but they also barred because they were not raised in Shields’s motion before the circuit court; they have been made for the first time on appeal.
 
 Foster v. State,
 
 716 So.2d 588, 540 (¶9) (Miss.1998). Moreover, these contentions unsupported in the record. Shields was originally charged with capital murder, with the underlying felony of robbery. The charges were reduced to robbery and manslaughter pursuant to a plea agreement. It appears that Shields executed a valid waiver of indictment on the robbery charge, shortly before he pleaded guilty. At any rate, a valid guilty plea waives certain constitutional rights, including in-sufficiencies or defects in the indictment.
 
 Conerly v. State,
 
 607 So.2d 1153, 1156 (Miss.1992). Shields’s claims of duress are unsupported except by bare assertion in his brief, and they are contradicted by Shields’s testimony at the plea hearing. Notwithstanding the procedural bars, we find both of these claims meritless.
 

 ¶ 10. Shields also alleges that he was denied a copy of the record to use in drafting his brief on appeal, but the record contains a notice and certificate of completion filed by the Circuit Clerk of Jackson County, which states that the record was timely completed and made available to Shields. Shields’s claim is unsupported by the record.
 

 ¶ 11. We find Shields’s PCR motion time-barred and without merit.
 

 ¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF JACKSON COUNTY DISMISSING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JACKSON COUNTY.
 

 LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR. MYERS, J„ NOT PARTICIPATING.