# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-01836-COA

PAUL R. FERRELL A/K/A PAUL RAY FERRELL A/K/A PAUL FERRELL A/K/A PAUL FERRELL, JR. A/K/A PAUL RAY FERRELL, JR.                    APPELLANT

v.

STATE OF MISSISSIPPI                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 10/09/2013 |
| TRIAL JUDGE: | HON. JOHN HUEY EMFINGER |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PAUL R. FERRELL (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JOHN R. HENRY JR. |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | MOTION FOR POST-CONVICTION RELIEF DISMISSED |
| DISPOSITION: | AFFIRMED IN PART, REVERSED AND REMANDED IN PART: 02/10/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., ISHEE AND FAIR, JJ.**

**FAIR, J., FOR THE COURT:**

¶1.     Paul Ferrell pled guilty to possession of methamphetamine as a second controlled substances offense, possession of precursors in the presence of a minor, and interstate removal of a child under fourteen. He received concurrent sentences pursuant to a plea agreement, the longest of which was thirty years in the custody of the Mississippi Department of Corrections, with eighteen to serve followed by five on post-release supervision. Ferrell filed a timely motion for post-conviction relief making various

challenges to his convictions, which the circuit court dismissed without an evidentiary hearing.

¶2. We affirm the summary dismissal on every issue but one: whether Ferrell's guilty plea was involuntary because he was affirmatively misinformed that he would be eligible for parole on the two enhanced counts. We reverse and remand for an evidentiary hearing limited to that single issue.

## STANDARD OF REVIEW

¶3. The circuit court may summarily dismiss a PCR motion without an evidentiary hearing "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." Miss. Code Ann. § 99-39-11(2) (Supp. 2014). To succeed on appeal, the petitioner must: (1) make a substantial showing of the denial of a state or federal right and (2) show that the claim is procedurally alive. *Young v. State*, 731 So. 2d 1120, 1122 (¶9) (Miss. 1999).

¶4. When reviewing the denial of a PCR motion, an appellate court "will not disturb the trial court's factual findings unless they are found to be clearly erroneous." *Callins v. State*, 975 So. 2d 219, 222 (¶8) (Miss. 2008). Our review of the summary dismissal of a PCR motion, a question of law, is de novo. *Young*, 731 So. 2d at 1122 (¶9).

## DISCUSSION

¶5. Ferrell enumerates four issues in his brief on appeal, but his identification of the issues does not always match the arguments he presents. Mississippi Rule of Appellate Procedure 28(a)(3) requires that "[e]ach issue presented for review shall be separately numbered in the

statement [of the issues]," but we are mindful that courts "are obligated to construe pro se pleadings with some reasonable degree of liberality," so we shall do our best to address all of Ferrell's contentions even if they are not distinctly briefed. *See Hall v. State*, 800 So. 2d 1202, 1206 (¶14) (Miss. Ct. App. 2001).

### 1. Interstate Removal Indictment

¶6. Ferrell's first contention is that he is "falsely imprisoned" because the indictment for interstate removal of a child under fourteen is defective. Specifically, Ferrell alleges that the indictment is "duplicitous" because it references both the kidnapping statute (Miss. Code Ann. § 97-3-53 (Rev. 2014)) and the interstate removal statute (§ 97-3-51 (Rev. 2014)). The charge is clearly for interstate removal, of which all the elements are alleged, but it includes at least some of the elements of kidnapping, such as that the removal was against the will of the child. Ferrell ultimately pled guilty to interstate removal.

¶7. This argument fails because a valid guilty plea waives all technical and nonjurisdictional defects in an indictment except failure to charge an essential element of the crime and lack of subject-matter jurisdiction. *See Joiner v. State*, 61 So. 3d 156, 158-59 (¶7) (Miss. 2011) (citing *Conerly v. State*, 607 So. 2d 1153, 1156 (Miss. 1992)). Moreover, it has been specifically held that "objections to indictments on the grounds that they are duplicitous must be raised before the return of the verdict." *Medina v. State*, 688 So. 2d 727, 731 (Miss. 1996).

### 2. Kidnapping "Recantation"

¶8. Ferrell next contends that he is innocent of the "kidnapping" charge. He presents an

3

affidavit from the child, his daughter, stating that her removal from the state by Ferrell was not against her will and that she had in fact asked him to do it.

¶9.     Ferrell pled guilty and was sentenced under the interstate removal statute, under which it is not required to be proven that the removal was against the will of the child. *See* Miss. Code Ann. § 97-3-51. Moreover, when Ferrell admitted his guilt and pled guilty, he waived his right to present a defense. This claim of innocence is procedurally barred. *Shields v. State*, 75 So. 3d 86, 89 (¶8) (Miss. Ct. App. 2011).

¶10.    Notwithstanding the procedural bar, Ferrell misapprehends the nature of consent in the kidnapping of a child. Even if we assume that the State had to prove Ferrell took the minor "against her will," as alleged in the indictment, it would be the will of the legal guardian and not the whim of the child that controls. *See* 51 C.J.S. *Kidnapping* § 19 (2010). We further note that, before his guilty plea was accepted, Ferrell admitted under oath that he was guilty of the offense as charged.

### 3.  Interstate Removal Indictment – Specificity

¶11.    Ferrell argues that the indictment for interstate removal was defective because it failed to say which state the child had been removed to. Ferrell provides no authority for this specific proposition; instead, he cites to *Bell v. State*, 725 So. 2d 836, 855-56 (¶61) (Miss. 1998), which addresses variances between the proof and the indictment.

¶12.    Mississippi Code Annotated section 97-3-51(2) makes it a crime "for any noncustodial parent or relative with intent to violate a court order awarding custody of a child to another to remove the child from this state or to hold the child out of state after the entry of a court

4

order." The statute does not require the State to prove that the child was removed to any specific state, just that she was removed from the State of Mississippi. We are not aware of any authority holding otherwise, and consequently we find no merit to this claim.

¶13. Ferrell also contends that the interstate removal indictment fails because it did not allege that he took the child secretly, but that is not an element of interstate removal. *See* Miss. Code Ann. § 97-3-51.

### 4. Interstate Removal Indictment – Temporary Custody

¶14. Ferrell next argues that his conviction for interstate removal cannot stand because the child was in the temporary custody of Ferrell's mother, and that temporary custody is not sufficient to sustain a conviction for interstate removal. The facts underlying this claim are simply asserted by Ferrell and are not substantiated in the record. This is also another factual defense that Ferrell waived when he admitted his guilt and pled guilty, and it is procedurally barred. *See Shields*, 75 So. 3d at 89 (¶8).

¶15. Moreover, the only authorities Ferrell cites are from other states. *People v. Fields*, 300 N.W.2d 548 (Mich. Ct. App. 1980) (superseded by statute), hinged on the specific language of Michigan's kidnapping statutes. In *Adams v. State*, 126 S.E.2d 624 (Ga. 1962), the Georgia Supreme Court did hold that violation of a temporary custody order would not suffice for a kidnapping conviction; but Mississippi's interstate removal statute provides a specific definition that does not exclude temporary orders: "'Court order' means an order, decree or judgment of any court of this state which is competent to decide child custody matters." *See* Miss. Code Ann. § 97-3-51(1)(b).

5

¶16. Other courts have rejected this challenge based on *Fields* and *Adams*, finding them "unpersuasive" for similar reasons. *State v. Teynor*, 414 N.W.2d 76, 81 (Wis. Ct. App. 1987) ("We see no difference in determining the lawful authority of a parent to direct the activities of his or her child between a temporary custody order and a judgment making a permanent award of custody."); *State v. Chapman*, 702 P.2d 879, 881 (Idaho 1985) ("We find these cases to be unpersuasive. [The Idaho statute] makes no distinction between temporary or permanent 'lawful care or control thereof.'")

¶17. This contention is procedurally barred and, as well, without merit.

### 5. Sentencing as a Prior Drug Convict

¶18. Ferrell next argues that, for his conviction of possession of methamphetamine, he was illegally sentenced under Mississippi Code Annotated section 41-29-147 (Rev. 2013) because, contrary to his admissions under oath at the guilty plea hearing, he had not been previously convicted of a drug offense.[1] Instead, Ferrell claims his prior case had been nonadjudicated under section 99-15-26 (Supp. 2014). He offers various documents purporting to be from that case in support. Ferrell calls this a violation of his constitutional protection from double jeopardy.

¶19. The various documents do not support Ferrell's claims. Had Ferrell's prior charges really been nonadjudicated, the court would have withheld acceptance of the plea and

---

[1] We note that the statute says the court "may" double the sentence in the case of a prior conviction, but Ferrell's sentence pursuant to the plea agreement was just eight years, which is allowed by the statute without this enhancement. *See* Miss. Code Ann. § 41-29-139(b)(1)(A) (Supp. 2014).

sentence. § 99-15-26(1). Instead, the sentencing order states that Ferrell's guilty plea was, in fact, fully and finally accepted and that he was convicted of methamphetamine possession.

¶20. Ferrell argues that the prior case *had* to be nonadjudicated because the sentencing order required him to attend the regimented inmate discipline ("RID") program, but the sentencing order specifically states that the RID program was offered as a condition of Ferrell's suspended sentence, not as a condition for nonadjudication. Nothing in the sentencing order suggests that Ferrell's prior conviction was nonadjudicated.

¶21. Ferrell contends that his position is supported by an opinion of the Mississippi Attorney General, 2007-00385, 2007 WL 2744747, *Turnage* (Aug. 10, 2007). However, that opinion, which is not binding authority at any rate, simply states that the RID program may be made a condition for nonadjudication. It does not suggest that any sentence involving the RID program must necessarily be withheld for nonadjudication.

¶22. This contention is without merit.

### 6. Presence of Child Enhancement – Indictment

¶23. Ferrell was indicted for possession of precursors with an enhancement under Mississippi Code Annotated section 41-29-313(5) (Supp. 2014) because he possessed the precursors "with children under the age of eighteen . . . present." The indictment, however, recites that Ferrell violated subsection (6) of the same statute, which deals with possession of precursors in hotels or apartment buildings. Ferrell argues that his indictment was defective for that reason.

¶24. Once again, Ferrell waived his right to challenge all technical and nonjurisdictional

7

defects in the indictment when he pled guilty. *See Joiner v. State*, 61 So. 3d 156, 158-59 (¶7) (Miss. 2011) (citing *Conerly v. State*, 607 So. 2d 1153, 1156 (Miss. 1992)). The only exceptions are the failure to charge an essential element of the crime and lack of subject-matter jurisdiction. *Id.* Moreover, it is well established that "[t]he incorrect citation of a statute number does not alone render an indictment defective, but rather is 'mere surplusage' and not prejudicial to the defendant." *Brown v. State*, 944 So. 2d 103, 106 (¶8) (Miss. Ct. App. 2006) (quoting *Evans v. State*, 916 So. 2d 550, 552 (¶6) (Miss. Ct. App. 2005)). "When an indictment provides the essential elements of the crime, the statutory subsection under which the defendant was charged need not be specified." *Evans*, 916 So. 2d at 552 (¶6) (citation omitted); *see also* URCCC 7.06 (outlining requirements of a valid indictment).

¶25. This contention is procedurally barred and without merit.

### 7. Presence of Child Enhancement – Factual Defenses

¶26. Ferrell contends that the child was not actually "present" when he possessed the precursors, because she was asleep in the master bedroom while the precursors were stored "up high on a shelf" in that bedroom's closet.

¶27. Ferrell admitted under oath that the child was present, and, again, he waived his right to present a defense when he pled guilty. This belated claim of innocence is procedurally barred. *See Shields*, 75 So. 3d at 89 (¶8). Moreover, Ferrell offers no authority supporting his claim that the circumstances as he describes them would not permit him to be convicted under the enhancement, and we are aware of none. This issue is procedurally barred and

8

without merit.

**8. Indictment – Venue**

¶28.    Ferrell next argues that his indictment for possession of precursors failed to allege venue.  This argument is plainly without merit; the indictment begins with the statement that it is brought "In the Circuit Court of Rankin County."  The following sentence states that the indictment is brought by grand jurors "taken from the body of good and lawful citizens of Rankin County."  Count I then alleges that Ferrell committed the offense "in the county aforesaid and within the jurisdiction of this Court," statements that are clearly references to Rankin County and the Rankin County Circuit Court.

**9. Vagueness of Precursor Statute**

¶29.    Ferrell continues on to argue that the statute outlawing the possession of precursors is unconstitutionally vague because it prohibits the possession of "common household chemicals" that might be found "under the kitchen sink," and which the statute itself acknowledges also have legitimate uses.  *See* Miss. Code Ann. § 41-29-313(1)(b).  Specifically, Ferrell admitted to possession of sodium hydroxide, sulphuric acid, hexane, and heptane.

¶30.    The test for vagueness is whether the statute "forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application . . . ."  *State ex rel. Hood v. Louisville Tire Ctr. Inc.*, 55 So. 3d 1068, 1072 (¶9) (Miss. 2011) (quoting *Connally v. Gen. Constr. Co.*, 269 U.S. 385, 391 (1926)).

9

¶31. Ferrell never explains why he believes the statute is vague. He seems to instead argue that it is unreasonably broad, but he fails to acknowledge that section 41-29-313(1)(a)(ii), under which he was charged and pled guilty, has the additional element that the precursors be possessed "knowing, or under circumstances where one reasonably should know, that [they] will be used to unlawfully manufacture a controlled substance." This prohibition is neither vague nor irrational, given the danger common household chemicals can pose once removed from their traditional place under the sink and employed in an attempt to manufacture methamphetamine. This issue is without merit.

### 10. Sex Offender Status

¶32. Ferrell next contends that he was not advised that he was pleading guilty to a sex offense and that he would have to register as a sex offender and serve a mandatory sentence.

¶33. Ferrell is wrong; he was not convicted of kidnapping. He pled guilty to interstate removal under Mississippi Code Annotated section 97-3-51, which is not a sex offense and carries no mandatory sentence. *See* Miss. Code Ann. § 45-33-23(h) (Supp. 2014).

### 11. Voluntariness of Plea – Minimum and Maximum Sentences

¶34. Ferrell next argues that his guilty plea was involuntary because he was not advised of the maximum and minimum penalties he faced for each count. Ferrell seems to rely on his argument that he was actually sentenced to a mandatory term as a sex offender, but we have already explained why this is erroneous.

¶35. His contention that the judge did not advise him of the potential penalties is clearly belied by the record, as the trial judge patiently spelled these out to Ferrell, on the record,

10

before accepting the guilty plea. The correct information was also handwritten on Ferrell's petition to enter a guilty plea, and Ferrell himself acknowledged under oath that he knew the penalties.

¶36.   This claim is without merit.

**12. Parole Eligibility**

¶37.   Ferrell next alleges that his attorney erroneously advised him that he would be eligible for parole in four and one-half years. In support, he offers affidavits from two people who state that the attorney told them Ferrell would be paroled after that period of time.

¶38.   Ferrell again seems to rely on his erroneous assumption that he will have to serve a mandatory sentence because he was convicted of a sex crime. We have already explained why that is not the case. To the extent Ferrell claims he will not be paroled on the interstate removal charge, his claims are without merit. However, Ferrell's other two counts, for one of which he was sentenced to thirty years with eighteen years to serve, each carry an "enhanced penalty," and so he will not be eligible for parole on those two sentences. *See* Miss. Code Ann. § 47-7-3(1)(f) (Supp. 2014).

¶39.   We note that Ferrell stated under oath in his Petition to Enter Guilty Plea that he "underst[ood] that no one can assure me of parole or early release from prison." This sworn statement speaks to what Ferrell actually knew at the time he pled guilty, while the other affidavits merely state what the attorney had told others, weeks before. While the other affidavits suggest that Ferrell may also have been told this at one point, Ferrell's subsequent sworn statement makes it clear that he did not believe he *would* be paroled in four and one-

half years at the relevant time, when he pled guilty.

¶40.    Ferrell's claim that he believed he absolutely would be paroled in four and one-half years is clearly belied by his own sworn statements and was therefore properly dismissed without an evidentiary hearing.  However, his admission that he knew he could not be "assured of parole" does not exclude the possibility that he had been advised that he would be parole *eligible*.

¶41.    "[I]t is not a prerequisite to a voluntary plea that the defendant understand his eligibility for parole."  *Sylvester v. State*, 113 So. 3d 618, 623 (¶16) (Miss. Ct. App. 2013).  Instead, the guilty plea is involuntary only if the defendant pled guilty in reliance upon affirmative misinformation regarding the possibility of parole.  *Id.*

¶42.    Although the affiants do not claim to have been present when counsel made the representations to Ferrell, they allege that counsel made the same representations to them.  This is sufficient corroboration to create a fact issue that can only be resolved through an evidentiary hearing.[2]  We thus reverse the trial court's summary dismissal of this claim, and we remand for an evidentiary hearing.  The hearing shall be limited to the specific question of whether Ferrell was affirmatively misinformed of his eligibility for parole on the two "enhanced" counts.

---

[2] The dissent's reliance on *Mills v. State*, 986 So. 2d 345 (Miss. Ct. App. 2008), is misplaced.  That decision did not hinge upon the sufficiency of the supporting affidavits – in fact, even the majority appeared to accept them as enough to support the allegation.  *See id.* at 349-50 (¶¶11-14).  The reason for denying relief was, instead, that any erroneous representations by defense counsel were cured by the trial judge during the plea colloquy.  *See id.*

### 13. Ineffective Assistance of Counsel – Various Allegations

¶43.    Ferrell next levels a series of allegations against his privately retained attorney, Harry Rosenthal.  Ferrell claims that Rosenthal did not investigate potential defenses, did not seek discovery from the prosecution, and participated in a scheme to railroad him because he is disabled and it was expensive to keep him at the county jail.

¶44.    To succeed on an ineffective-assistance-of-counsel claim, the appellant must satisfy the two-pronged test laid out in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), and adopted by the Mississippi Supreme Court in *Stringer v. State*, 454 So. 2d 468, 476-77 (Miss. 1984).  "First, the defendant must show that counsel's performance was deficient . . . . Second, the defendant must show that the deficient performance prejudiced the defense." *Id*. at 477 (quoting *Strickland*, 466 U.S. at 687).  Furthermore, the bare allegations of the petitioner are not sufficient to prove ineffective assistance of counsel.  *Mayhan v. State*, 26 So. 3d 1072, 1076 (¶10) (Miss. Ct. App. 2009).

¶45.    Since Ferrell pled guilty, he faces the higher burden of showing unprofessional errors of "substantial gravity" that proximately caused him to plead guilty; Ferrell must show that "but for counsel's errors he would not have entered the plea." *Reynolds v. State*, 521 So. 2d 914, 918 (Miss. 1988).

¶46.    Ferrell offers little more than his own assertions to substantiate the issue.  He does produce two affidavits from family members stating that, at one point, Rosenthal had not spoken with them for several weeks, but that is not proof of prejudicial ineffective assistance of counsel.  He claims that Rosenthal did not request discovery from the prosecution for one

13

of his counts, but that is not unexpected since Ferrell had previously retained other counsel, whose file would have been turned over during the change of representation. Ferrell complains loudly that his attorney provided him with poor photocopies of photographs, but he never says why this is important. Ferrell suggests that Rosenthal should have had his confession and the search of his residence suppressed, but there is nothing to suggest that would have been possible – even if the arresting officer listed the wrong street address for Ferrell's house in a police report, as Ferrell claims. Ferrell also asserts that Rosenthal should have subpoenaed witnesses, but he does not say who those witnesses would be or what they would have testified to.

¶47. Ferrell makes numerous claims rehashing issues previously discussed above, couched as ineffective assistance of counsel.

¶48. Ferrell's claims regarding the expense of housing him in the jail are completely unsupported except by his own assertions. Even assuming they were true, we do not see how it would have prejudiced him – if anything it would have added to Ferrell's leverage in the plea negotiations.

¶49. We find no merit to Ferrell's claims of ineffective assistance of counsel.

## 14. Disproportionate Sentence

¶50. Ferrell next argues that his sentence is disproportionate to the offenses he committed and that it amounts to unconstitutionally cruel and unusual punishment. The Mississippi Supreme Court has stated that it generally will not challenge the discretion of the trial court in sentencing as long as the sentence falls within the statutory maximum sentence allowed.

14

*Mosley v. State*, 104 So. 3d 839, 841 (¶10) (Miss. 2012) (citation omitted). However, a sentence that leads to an inference of "gross disproportionality" is subject to attack on Eighth Amendment grounds, applying the three-pronged test set forth in *Solem v. Helm*, 463 U.S. 277, 290-91 (1983) (overruled in part by *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991)). *Mosley*, 104 So. 3d at 841 (¶10).

¶51. Ferrell's sentences are within the statutory limits, and he has not made a serious effort to substantiate a disproportionality claim based on the controlling law outlined in *Solem*. This issue is without merit.

### 15. Equal Protection/Americans with Disabilities Act

¶52. Finally, Ferrell repeatedly claims that he was mishandled and discriminated against in violation of the Americans with Disabilities Act, but he never substantiates these claims. We find them without merit.

### CONCLUSION

¶53. We affirm the judgment of the circuit court summarily dismissing Ferrell's PCR motion, with the exception of Ferrell's claim that he was affirmatively misinformed as to parole eligibility for his sentences on the possession of precursors and possession of a controlled substance counts. This case is remanded for an evidentiary hearing on that issue and that issue alone.

¶54. **THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED IN PART AND REVERSED AND REMANDED IN PART FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.**

15

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, MAXWELL AND JAMES, JJ., CONCUR. CARLTON, J., DISSENTS IN PART WITH SEPARATE WRITTEN OPINION, JOINED IN PART BY BARNES, J.**

**CARLTON, J., DISSENTING IN PART:**

¶55.    I respectfully dissent in part from the majority's opinion.  I would affirm the circuit court's summary dismissal of Ferrell's PCR motion.  After reviewing the record, I find that the affidavits Ferrell submitted are insufficient to establish his claim that his guilty plea was involuntary because his attorney misinformed him that he would be eligible for parole on his two enhanced counts.  *See Burrough v. State*, 9 So. 3d 368, 375 (¶¶24-25) (Miss. 2009); *Thomas v. State*, 881 So. 2d 912, 917-18 (¶16) (Miss. Ct. App. 2004).  Therefore, I dissent from the majority's opinion with respect to this issue.

¶56.    In *Mills v. State*, 986 So. 2d 345, 350-51 (¶¶14-15) (Miss. Ct. App. 2008), this Court affirmed the circuit court's summary dismissal of the defendant's PCR motion.  The defendant in *Mills* claimed that his attorney misinformed him regarding the maximum sentence he would receive if he pled guilty.  *Id.* at 347 (¶7).  Although the defendant's motion included a supporting affidavit from his sister, the affidavit reflected that the defendant's sister was not present when the defendant's attorney allegedly gave him the erroneous advice.  *Id.* at 352 (¶22) (King, C.J., dissenting).  *Cf. Myers v. State*, 583 So. 2d 174, 177-78 (Miss. 1991) (finding that the affiants asserted they were present with the defendant when he allegedly received erroneous advice from his attorney); *Readus v. State*, 837 So. 2d 209, 211-14 (¶¶5, 14) (Miss. Ct. App. 2003) (finding that the defendant's mother met with the defendant's attorney at the plea hearing and that the trial court's plea-colloquy

questions failed to cure the attorney's allegedly erroneous advice).

¶57. After reviewing the record in the present case, as well as applicable Mississippi precedent, I find that the affidavits Ferrell submitted are insufficient to support his claim that his guilty plea was involuntary due to erroneous advice from his attorney. As reflected in the record, neither supporting affidavit states that the affiant was actually present with Ferrell when his attorney allegedly misinformed him regarding his parole eligibility. As a result, I would affirm the circuit court's judgment summarily dismissing this claim. I therefore respectfully dissent from the majority's opinion with respect to this issue.

**BARNES, J., JOINS THIS OPINION IN PART.**