# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-01292-COA

| | |
|---|---|
| WALLACE WAYNE WHATLEY A/K/A WALLACE WHATLEY A/K/A WALLACE W. WHATLEY | APPELLANT |

v.

| | |
|---|---|
| STATE OF MISSISSIPPI | APPELLEE |

DATE OF JUDGMENT: 08/25/2016
TRIAL JUDGE: HON. WILLIAM E. CHAPMAN III
COURT FROM WHICH APPEALED: RANKIN COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT: WALLACE WAYNE WHATLEY (PRO SE)
ATTORNEYS FOR APPELLEE: OFFICE OF THE ATTORNEY GENERAL
BY: DARRELL CLAYTON BAUGHN
ANTHONY LOUIS SCHMIDT
NATURE OF THE CASE: POST-CONVICTION RELIEF
DISPOSITION: AFFIRMED - 10/03/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE IRVING, P.J., WILSON AND WESTBROOKS, JJ.**

**WILSON, J., FOR THE COURT:**

¶1.     Wallace Wayne Whatley appeals from the denial of his second motion for post-conviction relief, in which he sought a determination that he is eligible for parole. Whatley is not eligible for parole. Therefore, we affirm.

¶2.     In 2010, Whatley pled guilty to selling Dilaudid, a Schedule II controlled substance, as a subsequent drug offender, and the court sentenced him to sixty years in the custody of the Mississippi Department of Corrections (MDOC). Miss. Code Ann. §§ 41-29-139(b)(1) (Rev. 2009) & 41-29-147 (Rev. 2013) ("[A]ny person convicted of a second or subsequent

offense under [the Uniform Controlled Substances Act] may be imprisoned for a term up to twice the term otherwise authorized . . . .").  The sentencing order provided that after Whatley had served a term of twenty years in MDOC custody, he would be released and placed on post-release supervision for five years.

¶3.     In 2011, Whatley filed a motion for post-conviction relief.  The circuit court denied the motion, and this Court affirmed.  *Whatley v. State*, 123 So. 3d 461 (Miss. Ct. App. 2013).  In 2016, Whatley filed a successive motion for post-conviction relief.  His motion alleged that 2014 amendments to the parole statutes made him eligible for parole, and he asked the circuit court to order MDOC to classify him as eligible for parole and grant him a parole-eligibility date.[1]  The circuit court dismissed the motion, finding that it was procedurally barred and without merit.  Whatley then appealed.

¶4.     Whatley's claim that he is eligible for parole is without merit.  Mississippi Code Annotated section 47-7-3(1)(f) (Supp. 2016) continues to provide that persons convicted of "felonies with enhanced penalties" between June 30, 1995, and July 1, 2014, are not eligible for parole.  This Court has twice held that a felony conviction as a subsequent drug offender is a felony conviction with an enhanced penalty within the meaning of section 47-7-3(1)(f).  *Lackaye v. State*, 166 So. 3d 560, 562 (¶6) (Miss. Ct. App. 2015); *Ferrell v. State*, 158 So. 3d 1204, 1212 (¶38) (Miss. Ct. App. 2015).  Therefore, Whatley is not eligible for parole.

---

[1] A motion for post-conviction relief "is a proper vehicle to challenge MDOC's determination that [an inmate] is ineligible for parole."  *Sinko v. State*, 192 So. 3d 1069, 1072-73 (¶9) (Miss. Ct. App. 2016) (citing *Keys v. State*, 67 So. 3d 758, 759-60 (¶¶6-9) (Miss. 2011)).

¶5. Moreover, the fact that the Legislature expanded parole eligibility for some persons convicted after July 1, 2014, *see* Miss. Code Ann. § 47-7-3(1)(g)(i), is not relevant to Whatley's case. "A state's decision to expand parole eligibility only on a prospective basis is rational" and does not violate the constitutional rights of offenders convicted previously. *Fluker v. State*, 200 So. 3d 1148, 1149 (¶2) (Miss. Ct. App. 2016), *cert. denied*, 214 So. 3d 1058 (Miss. 2017). Because Whatley is not eligible for parole, the circuit court correctly denied his motion for post-conviction relief.

¶6. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, GREENLEE AND WESTBROOKS, JJ., CONCUR.**